■ In the Matter of AMANDA LL. and Others, Alleged to be Abused and Neglected Children. RENSSELAER COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; DAVID NN., Appellant. [600 NYS2d 298] —Mahoney, J. Appeal from an order of the Family Court of Rensselaer County (Catena, J.), entered March 13, 1992, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 10, to adjudicate his son and another child to be abused.

Following an investigation conducted in connection with a child abuse report, in May 1991 an abuse and neglect petition was filed against respondent relative to two children: Amanda, the nine-year-old daughter of respondent's girlfriend, Veronica, and David, the three-year-old biological son of Veronica and respondent. The foundation for the charges relative to both children and the subject of the child abuse report was respondent's alleged sexual abuse of Amanda on several occasions between December 1990 and April 1991. Following a hearing, Family Court initially rejected respondent's argument that it lacked jurisdiction over him because, as to Amanda, he was not a person legally responsible for her care within the meaning of Family Court Act § 1012. Family Court also found that the evidence presented at the hearing, which included Amanda's out-of-court statements and testimony that respondent had admitted the sexual abuse, amply supported the conclusion that he had committed the crime of sexual abuse in the first degree upon Amanda.* Amanda thus was found to be a sexually abused child (see, Family Ct Act § 1012 [e] [iii]). By reason of this finding, Family Court "deemed [David] to be abused pursuant to [Family Court Act § 1046 (a) (i)]". Respondent appeals.

---

* Apparently criminal charges were also commenced against respondent in connection with these incidents to which he pleaded guilty.

On appeal, respondent asserts three claims of error, namely, that Family Court erred in finding him a person legally responsible for Amanda's care, in concluding that Amanda's out-of-court statements were sufficiently corroborated so as to support the finding that she was a sexually abused child, and in adjudicating David to be abused based solely upon a finding that his half-sister Amanda had been sexually abused. The first two contentions require little discussion. It being uncontroverted that respondent, Veronica, Amanda and David lived together in what was the functional equivalent of a family environment for 1½ years during which time the sexual abuse occurred, there can be little doubt but that he is a person legally responsible within the meaning of Family Court Act § 1012 (g) and cases construing it *(see, Matter of Faith AA.,* 139 AD2d 22, 24; *see also, Matter of Robert J.,* 178 AD2d 1004 [Davis, J., dissenting]; *Matter of Department of Social Servs. v Manual S.,* 148 Misc 2d 988, 992; *Matter of Theresa C.,* 121 Misc 2d 15; *cf., Matter of Faith GG.,* 179 AD2d 901, *lv denied* 80 NY2d 752). Nor is there any merit to respondent's argument that Amanda's out-of-court statements were not sufficiently corroborated, especially in view of respondent's admissions that he sexually abused her *(see, Matter of Nicole V.,* 71 NY2d 112, 119; *Matter of N. & G. Children,* 176 AD2d 504; *Matter of Margaret W.,* 83 AD2d 557, *lv denied* 54 NY2d 609).

With regard to the derivative finding of abuse as to David, we begin by noting that proof of abuse of Amanda is, by statute, admissible on the issue of the abuse or neglect of David *(see,* Family Ct Act § 1046 [a] [i]). Contrary to Family Court's apparent conclusion, however, evidence of the sexual abuse of one child, standing alone, does not, ipso facto, establish a prima facie case of derivative abuse or neglect against others *(see, e.g., Matter of Dutchess County Dept. of Social Servs. v Douglas E., Jr.,* 191 AD2d 694; *Matter of Michelle I.,* 189 AD2d 998; *Matter of Rachel G.,* 185 AD2d 382; *Matter of Rasheda S.,* 183 AD2d 770; *Matter of Cruz,* 121 AD2d 901, 902-903). Nonetheless, in appropriate circumstances it can support a finding of derivative abuse or neglect as to other children, even those of the opposite sex *(see, Matter of Dutchess County Dept. of Social Servs. v Douglas E., Jr., supra).* Appropriate circumstances include the nature of the direct abuse, notably its duration, the circumstances surrounding its commission and whether, on the whole, it can be said to evidence fundamental flaws in the respondent's understanding of the duties of parenthood *(supra; see, Matter of James P.,* 137 AD2d 461; *Matter of Department of Social Servs. v Manual S., supra).*

While a review of applicable precedent reveals that a finding of sexual abuse of one child generally will support a derivative finding of neglect as to another *(see, e.g., Matter of Jeremy H.,* 193 AD2d 799; *Matter of Dutchess County Dept. of Social Servs. v Douglas E., Jr., supra; Matter of Anita U.,* 185 AD2d 378; *Matter of Rasheda S., supra; Matter of Lynelle W.,* 177 AD2d 1008; *Matter of P. Children,* 172 AD2d 839), based upon the particular circumstances here, namely, the continuing nature of the abuse, the fact that it was accomplished, at times, by physical violence and was perpetrated while David was in the same room, we are persuaded that respondent's acts not only demonstrated a total lack of understanding of the parental role so as to place David in imminent danger of harm and accordingly support a finding of neglect *(see,* Family Ct Act § 1012 [f]), but that his actions affirmatively created a substantial risk of physical injury which would likely cause protracted impairment of David's physical and/or emotional health within the meaning of Family Court Act § 1012 (e) (ii), thus rendering it reasonable to conclude that he was derivatively abused *(see, Matter of Alan G.,* 185 AD2d 319, *lv denied* 81 NY2d 703; *see also, Matter of Michelle I., supra; Matter of Rachel G., supra).*

Weiss, P. J., Yesawich Jr., Levine and Mercure, JJ., concur. Ordered that the order is affirmed, without costs.