■ In the Matter of TIFFANY AA., a Child Alleged to be Abused and Neglected. CLINTON COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; LINDA Z., Appellant. [702 NYS2d 413] —Carpinello, J. Appeal from an order of the Family Court of Clinton County (McGill, J.), entered November 6, 1998,

which granted petitioner's application, in a proceeding pursuant to Family Court Act article 10, to adjudicate respondent's child to be abused and neglected.

On April 16, 1992, respondent was adjudicated to have neglected three daughters by failing to protect them from the perpetration of sexual abuse by her then boyfriend. These children were eventually freed for adoption. Thereafter she married Kevin Z. (hereinafter Kevin), with whom she had three more children, Matthew (born in 1995), Kevin, Jr. (born in 1996) and Tiffany (born in 1998 and the subject of the instant proceeding). In June 1997, Matthew, Kevin, Jr. and Kevin's two children from a prior marriage were removed from the home of respondent and Kevin and placed in petitioner's custody after allegations of, *inter alia*, excessive corporal punishment.

In December 1997, respondent pleaded guilty to two counts of felony assault and two counts of endangering the welfare of a child regarding her treatment of Kevin's children and was sentenced to $2\frac{1}{2}$ to 5 years in prison.* On March 31, 1998, she was adjudicated to have abused and neglected all four children and seven weeks later she gave birth to Tiffany while in prison. By order dated May 22, 1998, Tiffany was temporarily placed in petitioner's custody. Shortly thereafter, petitioner commenced this proceeding requesting that Tiffany be adjudicated an abused and neglected child. After taking judicial notice of the prior Family Court proceedings and the criminal action involving respondent and Kevin, Family Court adjudicated Tiffany to be abused and neglected and placed her in petitioner's care for one year, prompting this appeal.

Respondent initially claims that she was denied due process because no fact-finding hearing was conducted by Family Court on the issue of derivative abuse. At an August 25, 1998 appearance before Family Court however, respondent's attorney (who continues to represent her on appeal) made the following statement to the court: "I would be glad to submit a brief on the issue of derivative abuse. I mean we don't have to go to hearing on that." Given these concessions in open court, respondent cannot now be heard to argue that a hearing should have been conducted.

As to Family Court's finding of derivative neglect and abuse of Tiffany, we note that "derivative findings of neglect should be entered where the evidence as to the directly abused or neglected * * * children demonstrates such an impaired level of

---

* Kevin similarly pleaded guilty and is also serving time in prison.

parental judgment as to create a substantial risk of harm for any child in [that parent's] care thereby making such a child a neglected child under Family Court Act § 1012 (f) (i) (B)" (*Matter of Vincent M.*, 193 AD2d 398, 404). Moreover, where "the nature of the direct abuse, notably its duration [and] the circumstances surrounding its commission * * * evidence[s] fundamental flaws in the respondent's understanding of the duties of parenthood" (*Matter of Amanda LL.*, 195 AD2d 708, 709), proof of abuse or neglect of other children is alone sufficient to sustain a finding of abuse or neglect of another child (*see, Matter of Cruz*, 121 AD2d 901, 902; *see generally, Matter of Kimberly H.*, 242 AD2d 35, 38), especially when " 'the conduct which formed the basis for a finding of abuse or neglect as to one child is so proximate in time to the derivative proceeding that it can reasonably be concluded that the condition still exists' " (*Matter of James HH.*, 234 AD2d 783, 784 [quoting *Matter of Cruz, supra*, at 902-903], *lv denied* 89 NY2d 812).

The record in this case contains evidence of the April 1992 abuse and neglect proceeding against respondent, her December 1997 criminal conviction stemming from severe abusive conduct against two stepchildren and the March 1998 abuse and neglect proceeding (*compare, Matter of Randy AA.*, 265 AD2d 690), all of which clearly indicate that appropriate circumstances existed to support the finding of derivative abuse as to Tiffany. Said differently, based upon respondent's past conduct prior to and during her pregnancy with Tiffany—particularly the conduct for which she was incarcerated and which formed the basis of the adjudication of abuse and neglect of four children approximately seven weeks before Tiffany's birth—there can be no doubt that Family Court's finding of derivative neglect is amply justified (*see*, Family Ct Act § 1046 [a] [i]; *see also, Matter of Jennifer Q.*, 235 AD2d 827; *Matter of Cruz, supra*, at 902-903).

Respondent's remaining contentions have been reviewed and rejected.

Cardona, P. J., Mercure, Crew III and Graffeo, JJ., concur. Ordered that the order is affirmed, without costs.