■ In the Matter of D'ANNA KK., a Child Alleged to be Neglected. OTSEGO COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; CLARA GG. et al., Appellants. [751 NYS2d 326] —Peters, J. Appeal from an order of the Family Court of Otsego County (Burns, J.), entered September 11, 2001, which, inter alia, granted petitioner's application, in a proceeding pursuant to Family Ct Act article 10, to adjudicate D'Anna KK. to be a neglected child.

In August 2000, petitioner sought an order adjudicating D'Anna KK. (born in 2000) a neglected child by alleging that she was derivatively neglected by her mother, respondent Clara GG., and her putative father, respondent William KK. The petition alleged, inter alia, that the removal of D'Anna was necessary because of the numerous findings of neglect against Clara and a finding of sexual abuse against William in prior proceedings. D'Anna was removed from respondents' care and placed in foster care the day after she was born. A fact-finding hearing was held on November 2, 2000 where the prior findings of abuse and neglect against respondents were admitted.[1] As of the time of this appeal, Clara's parental rights with respect to four of her children, Keith JJ., Kyle JJ., Dakota LL. and Savannah KK., had been terminated as had William's rights to Savannah KK., the only other biological child that he had with Clara.

Lisa Hathaway, a caseworker for petitioner, testified at the hearing. She recounted that supervised visitation and parent aide services had been offered to respondents in June 1999, along with mental health counseling and an offer of transportation. After the finding of sexual abuse against William in March 2000, Family Court advised Clara to follow through with counseling and for William to proceed with sex offender's counseling. In addition, respondents were to work with a parent aide, attend parent aide classes and attend

---

1. We need not review each such order and disposition here since we can assume familiarity with the facts of this case as outlined in our previous decision (*Matter of Keith JJ.*, 295 AD2d 644, 645-646).

supervised visitation with the children.[2] Hathaway testified that despite her arrangement for sex offender and nonsex offender counseling, respondents failed to make the required initial contact. Even when offered the opportunity to make the contact during their supervised visitation, scheduled twice weekly at petitioner's offices, respondents failed to comply. While they did attend two parenting classes, they failed to follow through with the six or eight-week program required.

Clara testified that due to her newly acquired job as an aide in a residence for the elderly where she worked from 3:30 P.M. to midnight, she had difficulties arranging for the requisite parenting classes. William testified that transportation problems and the lack of a telephone prevented his compliance with the court-ordered services. He further testified that while transportation to the counseling was offered, he rejected petitioner's offer since he did not like the counselor she suggested.

By written decision entered February 20, 2001, D'Anna was found to be neglected by respondents as defined in Family Ct Act § 1012. Although a dispositional hearing was scheduled for March 27, 2001, by order to show cause on such date, petitioner sought an order pursuant to Family Ct Act § 1052 (b) (i) (A) (6) to obviate the need for it to provide reasonable efforts to reunite D'Anna with respondents. Family Court issued a temporary order giving respondents until June 1, 2001 to file supplemental affidavits indicating their level of cooperation and participation in the recommended services. By order entered June 14, 2001, the court granted petitioner's request and, by written order entered September 11, 2001, D'Anna was placed in the custody of petitioner for an initial period of one year. Respondents appeal.

A finding of neglect or abuse must be based on a preponderance of the evidence (*see* Family Ct Act § 1046 [b] [i]; *Matter of Tammie Z.*, 105 AD2d 463, 464, *affd* 66 NY2d 1). Proof of abuse or neglect as to one child is admissible on the issue of abuse or neglect of any other child or of the legal responsibility of the respondents (*see* Family Ct Act § 1046 [a] [i]; *Matter of Amanda LL.*, 195 AD2d 708, 709). Yet, evidence of abuse of one child will not, in and of itself, establish a prima facie case of derivative neglect or abuse of another (*see Matter of Amanda LL.*, *supra* at 709). Respondents, relying upon that principle, argue that *Matter of Samuel Y.* (270 AD2d 531) mandates our reversal of the derivative finding made by Family Court. There, this Court held that a finding of derivative neglect with respect

---

2. Notably, this was prior to the finding of permanent neglect that was reviewed by this Court (*Matter of Keith JJ., supra*).

to an older sibling could not be upheld where the mother was found to have neglected her 10-month-old by slapping him in the face on a single occasion (*id.* at 532).

The facts here are markedly different. Respondents' long-term pattern of abuse and neglect of all their children, exacerbated by their continued unwillingness to follow through with the programs designed to address the problems indicated by Family Court, demonstrate their lack of understanding of their parental roles so as to place D'Anna in imminent danger (*see Matter of Tiffany AA.*, 268 AD2d 818, 819-820; *Matter of Amanda LL.*, *supra* at 709). As these conditions are proximate in time to this derivative proceeding, Family Court's finding of derivative neglect of D'Anna is well supported by the requisite preponderance of evidence since " 'it can reasonably be concluded that the condition still exists' " (*Matter of James HH.*, 234 AD2d 783, 784, *lv denied* 89 NY2d 812, quoting *Matter of Cruz*, 121 AD2d 901, 902-903; *accord Matter of Tiffany AA.*, *supra* at 820).

We further find no error in Family Court's determination that petitioner need not exercise reasonable efforts to reunite respondents with D'Anna (*see* Family Ct Act § 1052 [b] [i] [A] [6]). Parental rights to D'Anna's four siblings had been involuntarily terminated. Prior to rendering its decision, the court gave additional time to respondents to submit affidavits demonstrating their compliance with and commitment to the various array of services already offered. It was only after reviewing those supplemental affidavits that the court made its finding. As to any further challenges to the placement of D'Anna in foster care and the frequency of visitation provided, our review of the record reveals no grounds upon which we would reverse the determination rendered.

Crew III, J.P., Carpinello, Rose and Kane, JJ., concur. Ordered that the order is affirmed, without costs.