■ In the Matter of HANNAH UU., a Child Alleged to be Neglected. St. LAWRENCE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; GENEVIEVE VV., Appellant. [753 NYS2d 168] —Peters, J. Appeal from an order of the Family Court of St. Lawrence County (Main, Jr., J.), entered September 18, 2001, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 10, to adjudicate Hannah UU. a neglected child.

Respondent is the mother of two children, Nathaniel (born in 1997) and Hannah (born in 2001). On June 21, 2000, petitioner commenced a proceeding pursuant to Family Ct Act article 10 charging respondent with neglect of Nathaniel based upon allegations that, on June 13, 2000, there were pills missing from a bottle of Vicodin in her possession and that she had been unconscious for six hours while the child was left unsupervised. It was further alleged that on June 21, 2000, respondent wrote a plan for herself and Nathaniel in the event that she were to commit suicide, and that during a hospital interview subsequent to her admission, respondent described the exact method that she would use.

Testimony at the fact-finding hearing held in connection with such petition revealed that respondent had frequent hospitalizations during the 37 months prior to the filing of the petition. Such records demonstrated a pattern of suicidal ideation, treatment and diagnosis, combined with acts of attempted suicide. Accordingly, Family Court (Nelson, J.) adjudicated Nathaniel to be a neglected child and, by an amended order of fact-finding and disposition dated January 29, 2001, placed the child in petitioner's custody for a period of 12 months with various terms and conditions imposed upon respondent. In compliance with that order, she agreed to, inter alia, cooperate in obtaining and accepting medical and psychiatric treatment, counseling services and any other services recommended by petitioner. By amended order of protection entered on the same date, she further agreed to supervised visitation with Nathaniel. By this time, she was seven months pregnant with Hannah.

On March 26, 2001, four days after the birth of Hannah, petitioner filed a neglect petition alleging that Hannah was derivatively neglected because of the findings pertaining to Nathaniel. Temporary orders of protection and supervision regarding Hannah were issued by Family Court pending a hearing while the child remained with respondent. As part of the court's orders, petitioner was to submit reports to both the court and the Law Guardian every three to four weeks stating the status of services provided and respondent's compliance therewith. Reports received after the petition was filed but prior to the fact-finding hearing confirmed that respondent had fully cooperated with homemaker services, caseworker counseling, mental health counseling and supervised visitation and that she had successfully completed parenting classes.

On August 2, 2001, petitioner moved for summary judgment, which was supported by the Law Guardian. The sole basis for the requested relief was the prior finding of neglect against respondent and the proximity of such finding to the birth of Hannah. With respondent's demonstrated pattern of suicidal ideation, suicide attempts and frequent hospitalizations, it was alleged that Family Court "should presume that the conditions which led to the neglect of Nathaniel * * * exist today, and [r]espondent has derivatively neglected Hannah." The motion for summary judgment was granted and respondent appeals.[1]

It is by now settled that despite the lack of an express provision in the Family Ct Act authorizing the use of summary judgment in an article 10 proceeding, the use of such procedural device is well established (see Matter of Suffolk County Dept. of Soc. Servs. v James M., 83 NY2d 178, 182). However, it remains a drastic procedural device which will be found appropriate only in those circumstances "when it has been clearly ascertained that there is no triable issue of fact outstanding; issue finding, rather than issue determination, is its function" (id. at 182, citing Sillman v Twentieth Century-Fox Film Corp., 3 NY2d 395, 404).

With petitioner having presented a prima facie case warranting judgment to be granted in its favor as a matter of law (see CPLR 3212 [b]; Zuckerman v City of New York, 49 NY2d 557, 562), the burden shifted to respondent to present a triable issue of fact. Viewing the evidence in the light most favorable

1. At the dispositional hearing, custody was ordered to remain with respondent while the temporary orders of protection and supervision were made permanent for one year. Additional terms and conditions regarding medical and psychiatric treatment for respondent and the child were further detailed.

to respondent as the party opposing the motion (*see Boyce v Vazquez*, 249 AD2d 724, 726), respondent asserts that her affidavit and annexed weekly progress notes spanning from January 17, 2001—two months prior to Hannah's birth—through April 26, 2001—one month after Hannah's birth—reveal a significant change in circumstances since the prior petition, which demonstrates that her mental health is stable and that the numerous stressors which triggered hospitalizations in the past have been appropriately dealt with in a stable and mature manner.[2] Wholly acknowledging that the proof of neglect of one child will be admissible on the issue of neglect against a sibling pursuant to Family Ct Act § 1046 (a) (i), respondent contends that such proof only permits, and does not compel, a finding of derivative neglect.

In determining whether a derivative finding of neglect is warranted, we assess whether the evidence of the prior finding " 'demonstrates such an impaired level of parental judgment as to create a substantial risk of harm for any child in [that parent's] care' " (*Matter of Tiffany AA.*, 268 AD2d 818, 819-820, quoting *Matter of Vincent M.*, 193 AD2d 398, 404). "[W]here 'the nature of the direct abuse, notably its duration [and] the circumstances surrounding its commission * * * evidence[s] fundamental flaws in the respondent's understanding of the duties of parenthood' " (*Matter of Tiffany AA.*, *supra* at 820, quoting *Matter of Amanda LL.*, 195 AD2d 708, 709), the derivative finding may be justified if the prior finding was so proximate in time to the derivative proceeding, that " ' "it can reasonably be concluded that the condition still exists" ' " (*Matter of Tiffany AA.*, *supra* at 820, quoting *Matter of James HH.*, 234 AD2d 783, 784, *lv denied* 89 NY2d 812, quoting *Matter of Cruz*, 121 AD2d 901, 902-903). And where, as here, respondent's mental condition is the gravamen of the prior finding, "proof of ongoing mental illness, along with the failure to engage in * * * treatment, which results in a parent's inability to care for his or her children in the foreseeable future, provides a basis for a finding of neglect" (*Matter of Jesse DD.*, 223 AD2d 929, 931-932, *lv denied* 88 NY2d 803).

The quantum of evidence supporting the prior petition regarding Nathaniel was substantial. During seven of the nine months of respondent's pregnancy with Hannah, she remained on an impaired course of parental judgment such that there

2. Such progress notes indicate that respondent's obstetrician had requested that she be evaluated for postpartum depression in connection with her birth of Hannah since she had this problem in connection with her prior pregnancy and the doctor wanted to prevent a reoccurrence.

existed a substantial risk of harm for any child left in her care. It was the totality of this evidence which prompted the filing of the petition regarding Hannah upon her birth. The changes made by respondent immediately prior thereto in committing to therapy and the other services offered by respondent, while laudable, were evidence for a mere eight weeks prior to Hannah's birth. It is for these reasons that we find Family Court to have correctly concluded that summary judgment was warranted.

Cardona, P.J., Crew III, Mugglin and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.