■ In the Matter of HUNTER YY., a Child Alleged to be Neglected. CLINTON COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; TERRA ZZ., Appellant, and CHARLES YY., Respondent. [795 NYS2d 116]—

Carpinello, J. Appeal from an order of the Family Court of Clinton County (Lawliss, J.), entered July 10, 2003, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 10, to adjudicate Hunter YY. to be neglected by respondent Terra ZZ.

Respondent Terra ZZ. (hereinafter respondent) is the mother of five children, only one of which is at issue in this neglect proceeding.[1] The child who is the subject of this proceeding, Hunter YY. (born in 2003), was removed from respondent's care within two weeks of birth. After a fact-finding hearing, Family Court found that Hunter was derivatively neglected. After a dispositional hearing, Hunter's father was awarded physical and legal custody under the supervision of petitioner for one year and respondent was granted supervised visitation.[2] She now appeals solely from the order following the fact-finding hearing. We affirm.

The record reveals that respondent's fourth child, Kyle (born in 1998), was removed from her care in June 2000 amid allegations of neglect. In the course of this earlier neglect proceeding,

1. For various reasons, none of respondent's children are in her care and custody.

2. The neglect petition was dismissed against Hunter's father after the fact-finding hearing.

in which respondent defaulted and Family Court found that the child was neglected, it was established that respondent, among other conduct, overdosed Kyle with medication to make him sleep, left him alone in the house, failed to tend to his basic needs, used marihuana while caring for him, was unable to control her anger, slapped the child and pulled his hair and attempted to commit suicide. In the course of a subsequent custody proceeding concerning Kyle in January 2001, Family Court found that respondent was not in compliance with various court orders and she had not addressed the issues leading to Kyle's placement in foster care. At that time, the court concluded that respondent was an unfit mother incapable of providing adequate care for Kyle.[3] In the fall of 2002, respondent, upon the advice of counsel, contacted petitioner with news that she was again pregnant and requested preventative services. However, she did not follow through with any of the recommended services. She refused to sign releases to monitor her alcohol and prenatal medical services, failed to attend scheduled mental health appointments and failed to complete a parenting course.

In determining whether a derivative finding of neglect is warranted, this Court must assess whether the evidence of the prior finding " 'demonstrates such an impaired level of parental judgment as to create a substantial risk of harm for any child in [that parent's] care' " (*Matter of Tiffany AA.*, 268 AD2d 818, 819-820 [2000], quoting *Matter of Vincent M.*, 193 AD2d 398, 404 [1993]; *see Matter of Hannah UU.*, 300 AD2d 942, 944 [2002], *lv denied* 99 NY2d 509 [2003]). Indeed, a derivative finding of abuse may be justified if the prior finding was proximate in time to the derivative proceeding such that it can be reasonably concluded that the conditions still exist (*see Matter of Hannah UU., supra*). Here, we are satisfied that evidence of respondent's serious neglect of Kyle evinces fundamental flaws in her understanding of parenthood and that such neglect was sufficiently close enough in time to the instant proceeding to warrant the derivative finding (*see Matter of D'Anna KK.*, 299 AD2d 761, 763 [2002]).

Respondent's remaining contentions, to the extent properly before us, are unpersuasive.

Crew III, J.P., Mugglin, Lahtinen and Kane, JJ., concur. Ordered that the order is affirmed, without costs.

---

3. Kyle was eventually freed for adoption with respondent's consent.