■ In the Matter of SUZANNE RR., a Child Alleged to be Neglected. CLINTON COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; WENDY SS., Appellant. [826 NYS2d 785]—

Mugglin, J. Appeal from an order of the Family Court of Clinton County (Lawliss, J.), entered June 13, 2005, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 10, to adjudicate respondent's child to be neglected.

The issue presented on this appeal is whether Family Court properly granted summary judgment to petitioner in this Family Ct Act article 10 derivative neglect proceeding. While it is well established that Family Court is so authorized, summary judgment "remains a drastic procedural device which will be found appropriate only in those circumstances 'when it has been clearly ascertained that there is no triable issue of fact outstanding; issue finding, rather than issue determination, is its function' " (*Matter of Hannah UU.*, 300 AD2d 942, 943 [2002], *lv denied* 99 NY2d 509 [2003], quoting *Matter of Suffolk County Dept. of Social Servs. v James M.*, 83 NY2d 178, 182 [1994]; *see* CPLR 3212; Family Ct Act § 165 [a]).

A finding of neglect "must be based on a preponderance of [the] evidence" (Family Ct Act § 1046 [b] [i]) and "proof of the . . . neglect of one child shall be admissible evidence on the issue of the . . . neglect of any other child of . . . the respondent" (Family Ct Act § 1046 [a] [i]; *see Matter of D'Anna KK.*, 299 AD2d 761, 762 [2002]). To establish derivative neglect, the evidence must " 'demonstrate[ ] such an impaired level of

parental judgment as to create a substantial risk of harm for any child in [that parent's] care' " (*Matter of Tiffany AA.*, 268 AD2d 818, 819-820 [2000], quoting *Matter of Vincent M.*, 193 AD2d 398, 404 [1993]; *accord Matter of Hunter YY.*, 18 AD3d 899, 900 [2005]; *Matter of Hannah UU., supra* at 944), and the prior determination of neglect must be sufficiently proximate in time "such that it can be reasonably concluded that the conditions still exist" (*Matter of Hunter YY., supra* at 900; *see Matter of Hannah UU., supra* at 944; *Matter of D'Anna KK., supra* at 763).

Here, petitioner has failed to demonstrate the absence of any material issue of fact so as to warrant a grant of summary judgment. In the previous proceedings, respondent consented to a neglect finding based largely on conduct of her previous paramour, a man who, among other things, had been charged with endangering the welfare of children and who had been the subject of an indicated report of sexual abuse of a three-year-old child. She agreed that she failed to protect her children from his excessive corporal punishment, that the children were exposed to acts of domestic violence between her and the paramour, that the children were present when the paramour had a violent confrontation with their grandmother and that she was not able to protect the children from her paramour's mental and physical abuse. In addition, she agreed that she left her children with her parents for a two-month period during which she had no contact with them. Although the allegations in the petition suggest that respondent's choice of her current paramour, the child's father, is an indicator that her judgment as a parent has not improved, the fact remains that the prior neglect proceeding stemmed from her relationship with a different individual. Under these circumstances, we cannot say, as a matter of law, that the conditions which presented a danger to respondent's children have gone unchanged.

Moreover, the dispositional order in the prior neglect proceeding—entered May 4, 2004, almost nine months prior to the birth of the subject child—directed respondent to participate in numerous counseling services designed to overcome obstacles to the return of her children. Petitioner submitted no proof that respondent failed to participate in these services and the record is silent as to whether any violation petitions were filed against her or if any permanent neglect proceeding was instituted. Thus, we conclude on this record that petitioner's motion papers fail to establish a prima facie case of derivative neglect and that summary judgment finding that respondent derivatively neglected her newborn daughter—whose father is her current par-

amour—should not have been granted. Accordingly, respondent is entitled to a hearing on the allegations raised in the petition.

Spain, Rose and Lahtinen, JJ., concur.

Peters, J.P. (dissenting). I respectfully dissent. Summary judgment in this Family Ct Act article 10 derivative neglect proceeding was properly granted upon Family Court's finding that respondent's previously adjudicated impaired level of parental judgment was sufficiently proximate in time and still existing so as to create a substantial risk of harm for the child now in her care (see Matter of Hunter YY., 18 AD3d 899, 900 [2005]; Matter of Hannah UU., 300 AD2d 942, 944 [2002], lv denied 99 NY2d 509 [2003]).

Respondent is the mother of three children. The two other children, who are not the subject of this proceeding, were found to be neglected by respondent and her prior paramour by order dated May 4, 2004. That order, entered on consent, also placed the children in the care and custody of the maternal grandparents, with an order of protection against respondent to have no contact with these children other than through supervised visitation; their custody was subsequently transferred to the maternal grandparents in a separate proceeding. The prior order of neglect was based upon a finding that respondent allowed those children to be in the presence of her paramour, whose background included charges of endangering the welfare of children, an indicated report of sex abuse and numerous other criminal arrests, even after she was made aware of her paramour's background. Moreover, there was excessive corporal punishment by that paramour and allegations that respondent had failed to protect these children from an exposure to acts of domestic violence in their home.

The current petition, dated January 26, 2005, details the basis for the prior adjudication against respondent along with the background of her current paramour, who is also the father of the subject child. By orders dated December 20, 1993, January 9, 1995 and February 15, 2000, he was found to be responsible for either the neglect and/or abuse and neglect of children not named here. He was also found to be in willful violation of previous orders. The supporting affirmation of John Dee, an attorney with petitioner, reviewed all the prior details regarding respondent and both of her paramours, including the fact that respondent's current paramour had, in one of those prior proceedings, admitted to a history of domestic violence with his prior paramour which, at times, took place in the presence of those other children.

I find that the prior adjudication of neglect against respon-

dent was sufficiently proximate in time to form the basis for a derivative finding in the current petition. Both petitions allege that respondent has an impaired level of parental judgment as evidenced by her choice of paramours such that she creates a substantial risk of harm to any child in her care. As her current living arrangement with this paramour—the father of the child—exemplifies that such impaired condition still exists, I find the burden to have shifted to respondent to rebut that presumption (*see Matter of Baby Boy W.*, 283 AD2d 584, 585 [2001]). Although the majority focuses on the prior dispositional order and the lack of proof that respondent failed to participate in the services required such that there was a need to file a violation petition or institute further proceedings, I find that omission irrelevant. First, the presumption was already raised by the similarity in the men chosen by respondent to be exposed to her family. Second, since respondent lost custody of her other children, I disagree with respondent's counsel that the lack of further proceedings created a "presum[ption] . . . that [she] complete[d] everything that was required of her," even when viewing this affidavit in a light most favorable to her (*see Matter of Hannah UU., supra* at 944).

For these reasons, I would affirm the award of summary judgment. Ordered that the order is reversed, on the law, without costs, and matter remitted to the Family Court of Clinton County for further proceedings not inconsistent with this Court's decision.