■ In the Matter of Suzanne RR., a Child Alleged to be Neglected. Clinton County Department of Social Services, Respondent; Wendy SS., Appellant. [852 NYS2d 414]—

Carpinello, J. Appeal from an order of the Family Court of Clinton County (Lawliss, J.), entered April 20, 2007, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 10, to adjudicate respondent's child to be neglected.

The facts underlying this Family Ct Act article 10 proceeding were set forth in detail in a prior decision of this Court and will not be repeated at length (*Matter of Suzanne RR.*, 35 AD3d 1012 [2006]). Briefly, respondent's two older daughters were adjudicated to be neglected in December 2003 because she failed to protect them from her then paramour, and a dispositional order placing them in the custody of their maternal grandparents was entered in May 2004. At some point during this time period, respondent became pregnant, thus prompting a senior child protective caseworker and an adult services caseworker to meet with her and her current paramour (the unborn child's father) in November 2004 to discuss making alternative custodial arrangements for the child at birth. Respondent's refusal to do so upon the subject child's birth in January 2005 resulted in this proceeding. Following a fact-finding hearing ordered by this Court (*id.*), Family Court found that respondent directly and derivatively neglected the subject child. She now appeals.

Upon our review of the evidence adduced at that hearing, coupled with the strong negative inference applied against respondent for her failure to testify at it (*see e.g. Matter of Collin H.*, 28 AD3d 806, 809 [2006]; *Matter of John QQ.*, 19 AD3d 754, 756 [2005]), we affirm. Testimony at the hearing established that respondent, during the November 2004 meeting with caseworkers, disputed that her older children were removed from her care and instead insinuated that her parents simply sought, and received, custody. During this meeting, respondent was also advised that her current paramour had been found over the years to have abused or neglected each of his own four children and that all four children had been freed for adoption. Armed with this information, respondent did nothing, that is, she took no steps to make alternative plans for the child's care at birth and continued to reside with this new paramour with every intention to raise the subject child with him. Hearing

testimony further established that, while respondent did attend court-ordered counseling following the removal of her older children (*Matter of Suzanne RR., supra*), she never acknowledged most issues which led to their removal during such sessions.

Given evidence of the recent and significant problems concerning respondent's own parental neglect of her two older children, respondent's refusal to directly acknowledge that these children were in her parents' care because of this neglect and her failure to adequately address all issues which led to their removal during counseling, derivative neglect was established (*see* Family Ct Act § 1046 [a] [i]). In short, the evidence demonstrated that the prior determination of neglect was sufficiently proximate in time to the birth of the subject child that the conditions which led to the older children's removal continued to exist, and that respondent suffers from such an impaired level of parental judgment as to create a substantial risk of harm to any child in her care (*see e.g. Matter of Evelyn B.*, 30 AD3d 913, 914 [2006], *lv denied* 7 NY3d 713 [2006]; *Matter of Hunter YY.*, 18 AD3d 899, 900 [2005]; *Matter of D'Anna KK.*, 299 AD2d 761, 762 [2002]). Moreover, evidence that respondent failed to take appropriate action to protect the subject child upon learning about her new paramour's prior history of abuse and neglect supported the finding of neglect (*see* Family Ct Act § 1012 [f] [i]).

Cardona, P.J., Peters, Rose and Malone Jr., JJ., concur. Ordered that the order is affirmed, without costs.