■ In the Matter of DARREN HH., a Child Alleged to be a Neglected. CLINTON COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; AMBER HH., Appellant. [889 NYS2d 770]—

Kane, J.

In November 2007, Family Court found that respondent and her husband neglected respondent's four oldest children. While those children were still in petitioner's custody, respondent gave birth to Darren HH. (born in May 2008). Petitioner immediately removed the child from respondent's care (*see* Family Ct Act § 1027) and commenced this proceeding seeking a derivative finding of neglect. Family Court granted the petition and continued petitioner's custody of the child. Respondent appeals.

Family Court's determination of derivative neglect was proper. Proof that respondent neglected her other children was admissible to show that she neglected Darren (*see* Family Ct Act § 1046 [a] [i]). A derivative finding of neglect may be warranted if the prior abuse or neglect finding demonstrates fundamental flaws in parental judgment so as to create a substantial risk of harm for any child in that person's care, and the prior finding was proximate in time to the derivative proceeding making it likely that the conditions contributing to the neglect still exist (*see Matter of Hunter YY.*, 18 AD3d 899, 900 [2005]; *see also Matter of Evelyn B.*, 30 AD3d 913, 914-915 [2006], *lv denied* 7 NY3d 713 [2006]).

Here, the prior finding that respondent neglected her older children was based, in part, upon her refusal to acknowledge that her husband sexually abused one of their daughters and respondent's continuing relationship with him. The prior finding was entered less than one year before the derivative finding and approximately six months prior to the filing of the instant petition. Testimony at the fact-finding hearing established that petitioner continued to associate with her husband, lied to petitioner's employees about that relationship and persisted in her belief that he did not abuse any children, despite his admissions to police and criminal proceedings for his inappropriate touching of two children. Moreover, respondent had violated a prior court order by permitting her husband to have contact with the children. Additionally, respondent had difficulty dealing with the five children during supervised visitation. The court could also draw a negative inference against respondent because she did not testify during the fact-finding phase of the hearing (*see Matter of Collin H.*, 28 AD3d 806, 809 [2006]; *Matter of Amanda RR.*, 293 AD2d 779, 780 [2002]). Considering the proximity of the prior neglect finding, the continuation of the conditions which led to that finding, and the nature of the finding that demonstrated a fundamental inability to protect her children from her husband, Family Court did not err in holding that respondent derivatively neglected Darren (*see Matter of Evelyn B.*, 30 AD3d at 915; *Matter of Hunter YY.*, 18 AD3d at 900).

Respondent did not object to the admission of postpetition evidence, rendering her challenge to that evidence unpreserved (*see Matter of Daniel JJ.*, 31 AD3d 930, 930 [2006], *lv denied* 7 NY3d 714 [2006]; *compare Matter of Jessica YY.*, 258 AD2d 743, 747 [1999]). Finally, respondent's request for separate visitation with Darren alone, as opposed to visits with all five of her children together, is now moot. Family Court terminated respondent's parental rights to her four oldest children in March 2009, leaving Darren as the only child with whom she is entitled to visitation.

Cardona, P.J., Peters, Stein and Garry, JJ., concur. Ordered that the order is affirmed, without costs.