■ In the Matter of Miranda F. and Others, Infants. Cattaraugus County Department of Social Services, Respondent; Kevin D., Appellant. [938 NYS2d 694]—

Memorandum: In these consolidated abuse proceedings pursuant to article 10 of the Family Court Act, respondent father appeals from a "re-amended" order granting petitioner's motion for summary judgment and adjudging that the father abused his stepdaughter by having raped her, and that he derivatively abused his two biological daughters. As a preliminary matter, we reject the contention of the Attorney for the Child representing the stepdaughter that the appeal should be dismissed insofar as it concerns the stepdaughter based on the father's failure to serve that Attorney for the Child with the notice of appeal. Because the Attorney for the Child representing the stepdaughter filed a timely brief and appeared in this Court for oral argument of the appeal, we excuse the defect in service "and treat the appeal as timely taken pursuant to CPLR 5520 (a)" (*Matter of Nicole J.R. v Jason M.R.*, 81 AD3d 1450, 1451 [2011], *lv denied* 17 NY3d 701 [2011]; *see Dalton v City of Saratoga Springs*, 12 AD3d 899, 899-900 [2004]).

With respect to the merits, petitioner correctly conceded at oral argument on this appeal that Family Court erred in granting those parts of the motion with respect to the father's biological daughters, inasmuch as petitioner failed to submit the requisite evidence of derivative abuse in support of its motion for summary judgment with respect to them (*see generally Matter of Suzanne RR.*, 35 AD3d 1012, 1012-1013 [2006]). Indeed, "evidence of the sexual abuse of one child, standing alone, does not, ipso facto, establish a prima facie case of derivative abuse or neglect against others" (*Matter of Amanda LL.*, 195 AD2d 708, 709 [1993]), and petitioner set forth in support of its motion only that the stepdaughter was abused and did not otherwise provide evidence of derivative abuse. We note in any event that the biological daughters are subject to a separate neglect order issued against the father. We therefore modify the reamended order accordingly.

We reject the father's contention, however, that the court erred in granting the motion with respect to his stepdaughter.

Before petitioner made the instant summary judgment motion, the father had been convicted following a jury trial in County Court of, inter alia, rape in the third degree with respect to his stepdaughter (Penal Law § 130.25 [2]). It is well settled that evidence that a parent has been convicted of having raped or sexually abused a child is sufficient to support a finding of abuse of that child within the meaning of the Family Court Act (*see* Family Ct Act § 1012 [e] [iii]; *Matter of Doe*, 47 AD3d 283, 285 [2007], *lv denied* 10 NY3d 709 [2008]). Although petitioner in support of the motion failed to submit nonhearsay evidence establishing that the father had been convicted of the rape in question, the judge in Family Court who decided the motion was the same judge who presided over the criminal trial in County Court and thus was able to take judicial notice that the father had been found guilty of raping the stepdaughter (*see Matter of A.R.*, 309 AD2d 1153 [2003]). Present—Smith, J.P., Peradotto, Lindley, Sconiers and Gorski, JJ.