■ In the Matter of ALYSSA WW. and Another, Children Alleged to be Neglected. CORTLAND COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; CLIFTON WW., Appellant. [964 NYS2d 729]—

Mercure, J.P. Appeal from an order of the Family Court of Cortland County (Ames, J.), entered March 6, 2012, which, in a proceeding pursuant to Family Ct Act article 10, granted petitioner's motion for summary judgment adjudicating respondent's children to be neglected.

Respondent is the father of two daughters, born in 1996 and 1998. In October 2011, petitioner commenced this proceeding in Cortland County seeking to have the children adjudicated to be derivatively neglected based upon a pending Tompkins County proceeding in which it was alleged that respondent's use of methamphetamine and marihuana had rendered him incapable of caring for four other children in his care. Family Court of Tompkins County (Rowley, J.) ultimately entered an order upon consent finding the children in that proceeding to have been neglected, and ordered them removed from respondent's home and placed in the custody of the Tompkins County Commissioner of Social Services. Thereafter, petitioner moved for summary judgment in this proceeding based upon the order entered in Tompkins County. Family Court (Ames, J.) granted the petition, concluding that there were no triable issues of fact regard-

ing the derivative neglect of the subject children. Respondent appeals, and we now affirm.

"Although it is a drastic procedural device, Family Court is authorized to grant summary judgment in a neglect proceeding where no triable issue of fact exists" (*Matter of Xiomara D. [Madelyn D.]*, 96 AD3d 1239, 1240 [2012] [citations omitted]; *see Matter of Suffolk County Dept. of Social Servs. v James M.*, 83 NY2d 178, 182 [1994]; *Matter of Hannah UU.*, 300 AD2d 942, 943 [2002], *lv denied* 99 NY2d 509 [2003]). We note that "evidence of abuse of one child will not, in and of itself, establish a prima facie case of derivative neglect or abuse of another" (*Matter of D'Anna KK.*, 299 AD2d 761, 762 [2002]). Rather, a prima facie case of " '[d]erivative neglect is established where the evidence demonstrates an impairment of parental judgment to the point that it creates a substantial risk of harm for any child left in that parent's care, and the prior neglect determination is sufficiently proximate in time to reasonably conclude that the problematic conditions continue to exist' " (*Matter of Xiomara D. [Madelyn D.]*, 96 AD3d at 1240, quoting *Matter of Tradale CC.*, 52 AD3d 900, 901 [2008]; *see Matter of Suzanne RR.*, 35 AD3d 1012, 1012-1013 [2006]).

Here, the prior neglect determination was proximate in time—the order reflecting respondent's consent to a finding of neglect based upon excessive drug use was entered in January 2012, and petitioner moved for summary judgment in this proceeding less than one month later. Moreover, the Tompkins County fact-finding determination and related documents submitted with the summary judgment motion herein establish that respondent used marihuana and methamphetamine on a daily basis while the children were in his care, allowed drugs to be present in the home and accessible to the children, called the children derogatory names while under the influence of drugs and permitted his drug dealer to come into the home to use and sell drugs. Petitioner's submissions further established that respondent's substance abuse was long-standing, and had resulted in two previous indicated reports of child neglect in 2000 and 2004. In our view, this evidence established a prima facie case of derivative neglect. As he does on this appeal, respondent argued in opposition only that the subject children could not be found to have been neglected because they were not in the home at the time of the activities that gave rise to the finding of neglect with respect to the four other children. Inasmuch as respondent has failed to create a question of fact regarding whether the conditions that led to the prior adjudication continue to exist, Family Court properly granted petitioner's

motion for summary judgment (*see Matter of Xiomara D. [Madelyn D.]*, 96 AD3d at 1240-1241; *Matter of Jadalynn HH. [Roy HH.]*, 93 AD3d 1112, 1114 [2012]; *Matter of Tradale CC.*, 52 AD3d at 901-902; *see also Matter of Douglas QQ.*, 273 AD2d 711, 713 [2000]; *cf. Matter of Suzanne RR.*, 35 AD3d at 1013-1014).

Spain, McCarthy and Egan Jr., JJ., concur. Ordered that the order is affirmed, without costs.