OPINION OF THE COURT
Michael L. Hanuszczak, J.
On March 17, 2017, the Attorney for the Child filed a motion for summary judgment pursuant to CPLR 3212 seeking an adjudication that the child N.H. (date of birth xx/xx/xxxx) is a derivatively neglected child. On March 23, 2017 counsel for the Onondaga County Department of Children and Family Services submitted correspondence to the court joining in the Attorney for the Child’s motion. The attorney for S.H. (herein referred to as mother) filed an affirmation in opposition to the summary judgment motion on March 28, 2017 and the court heard oral argument by the attorneys on March 30, 2017. Thereafter, the court rendered a bench decision denying the Attorney for the Child’s motion and set forth on the record that a written decision as to a determination on the relief requested would be issued.
As background, the Onondaga County Department of Children and Family Services (hereinafter referred to as County) filed a petition on September 4, 2015 seeking an adjudication that the mother’s two older children, N.L.H. (date of birth xx/ xx/xxxx) and N.R.H. (date of birth xx/xx/xxxx) were neglected as the mother had not provided adequate supervision or guardianship demonstrated by multiple incidents of domestic violence occurring in the mother’s household involving her paramour F.M. The County alleged that the multiple incidents of domestic violence that occurred in the home had a negative impact upon the children.
Thereafter, on April 13, 2016 the County made application to the court requesting the children be removed from the mother’s care and custody due to the mother’s continued cohabitation with her paramour. The Attorney for the Children joined in the County’s request based upon disclosures made by the children. *649 Thereafter, the court conducted a hearing and placed the children in the care and custody of the County and the maternal grandmother was found to be a suitable relative for the children to reside with.
The court conducted a fact-finding hearing and issued a written decision on September 8, 2016 adjudicating the children to have been neglected by the mother. Thereafter, the court conducted a dispositional hearing and on December 23, 2016 entered a “Decision on Disposition” continuing the child N.L.H.’s placement with the maternal grandmother under article 10 of the Family Court Act and granted sole legal and physical custody of the child N.R.H. to the biological father under article 6 of the Family Court Act.
During the pendency of the aforementioned neglect proceeding the mother gave birth to N.H. The County subsequently filed a petition two days later seeking an adjudication that the child was derivatively neglected alleging that the mother had not fully ameliorated the conditions which led to the neglect adjudication and the removal of the child’s half-siblings.
In his motion for summary judgment the Attorney for the Child argues that the prior proceedings and neglect adjudications made by the court are sufficiently proximate in time to warrant a derivative neglect finding as there are no triable issues of fact. The Attorney for the Child further argues that the mother has not ameliorated the underlying conditions which led to the neglect findings and the fact that the mother’s former paramour, Mr. M., is currently incarcerated does not resolve the underlying issues affecting the mother and the children.
The attorney for the mother in her response claims the conditions which led to the prior adjudications and removal of the children N.L.H. and N.R.H. have been ameliorated and thus the child N.H. is not a derivatively neglected child within the meaning of Family Court Act § 1012. The attorney for the mother further asserts that the safety factors involving domestic violence no longer exist as her paramour has been incarcerated since August 22, 2016. In her responding affirmation the attorney for the mother also argues that the mother has been cooperative with investigators from the Onondaga County District Attorney’s Office during the criminal proceedings against the paramour and a full stay away criminal order of protection has been issued against Mr. M. The attorney for the mother also claims that the mother has substantially participated in court ordered services.
*650 Standard of Law
A child is deemed to be neglected where the child’s “physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired as a result of the failure of his parent or other person legally responsible for his care to exercise a minimum degree of care.” (Family Ct Act § 1012 [f] [i].) While evidence of the abuse or neglect of one child is admissible on the issue of the abuse or neglect of another child, such evidence does not in and of itself establish a prima facie case of derivative neglect. (Family Ct Act § 1046 [a] [i]; Matter of Miranda F. [Kevin D.], 91 AD3d 1303 [2012].)
Summary judgment is a drastic procedural device rarely utilized in Family Court proceedings and is only appropriate in a neglect proceeding where no triable issue of fact exists. (Matter of Xiomara D. [Madelyn D.], 96 AD3d 1239 [2012]; Matter of Terrence G. [Terrence M.M.—Yvonne C.G.], 98 AD3d 1294 [2012].) Prior to adjudicating a child to have been neglected, a respondent in the proceeding should be afforded great deference and provided an opportunity to be heard as to any possible defenses that may be asserted as a finding of neglect may result in the parent-child relationship to be intruded upon and potentially terminated. As such, when genuine issues of fact exist the respondent should be afforded a full evidentiary hearing. (Matter of Sincere N. [Stephanie M.], 91 AD3d 1325 [2012].)
A prima facie case of derivative neglect is established where the evidence indicates a fundamental defect in the parent’s understanding of the duties of parenthood to the point that it creates a substantial risk of harm for any child left in the parent’s care. (Matter of Ahmad H., 46 AD3d 1357 [2007].) In determining whether a child born after the underlying acts of neglect should be adjudicated derivatively neglected, the determinative factor is whether taking into account the nature of the conduct and any other pertinent considerations, the conduct which formed the basis of a prior neglect determination is sufficiently proximate in time to the derivative proceeding as to reasonably conclude that the problematic conditions continue to exist. (Matter of Dayyan J.L. [Autumn M.], 131 AD3d 1243 [2015]; Matter of Alyssa WW. [Clifton WW.], 106 AD3d 1157 [2013].) During the proceedings the respondent may then demonstrate that the conduct or condition cannot reasonably be expected to exist currently or in the foreseeable future to avoid a derivative finding of neglect. (Matter of Dana T [Anna D.], 71 AD3d 1376 [2010]; Matter of Justice T., 305 *651 AD2d 1076 [2003]; Matter of Baby Boy D. [Adanna C.], 144 AD3d 1026 [2016].)
There is no bright-line rule to define what constitutes “sufficiently proximate in time” as there are situations whereby a significant passage of time may be a dispositive factor and in other cases the circumstances may evince a continuing pattern over a significant period of time which demonstrate that the problematic conditions continue to exist. (Matter of Evelyn B., 30 AD3d 913 [2006].)
Derivative neglect has been established upon a prior neglect adjudication being based upon the respondent’s alcohol dependency and a lack of compliance with court ordered services for a two-year period prior to the respondent giving birth to another child. Although the adjudications of neglect were somewhat remote in time, the lack of progress with mandated services and discharge from treatment programs could lead one to reasonably conclude the underlying problematic conditions continue to exist. (Matter of Tradale CC., 52 AD3d 900 [2008].)
A finding of derivative neglect has also been established where the offending act of excessive corporal punishment which led to a subsequent adjudication of neglect was made as to a child born two months after such adjudication. Upon taking into account the brief passage of time and the nature of the conduct which formed the basis for the prior adjudication, such circumstances were sufficiently proximate in time to establish that the respondent had significantly impaired judgment in caring for her children, and thus neglect of the newborn child was likely to occur. (Matter of Aryelle F. [Esperanza F.], 148 AD3d 1014 [2017].)
Moreover, a prima facie case of derivative neglect was not established where the basis of the prior neglect adjudication was due to the conduct of the respondent’s previous paramour and the children’s exposure to acts of domestic violence between the former paramour and the respondent parent. After a hearing a finding of derivative neglect was not appropriate as the subject child was born approximately nine months after the prior neglect adjudication, and the respondent was no longer engaged in a relationship with the previous paramour. (Matter of Suzanne RR., 35 AD3d 1012 [2006].)
Findings by the Court
The court finds the Attorney for the Child did not demonstrate that a triable issue of fact does not exist so as to war *652 rant the court granting the motion for summary judgment. (Matter of Suzanne RR., 35 AD3d 1012 [2006].) Upon taking judicial notice of the prior proceedings, the adjudications of neglect of N.H.’s siblings and their removal from the mother’s home, the court finds that such evidence does not, in and of itself, establish a prima facie case of derivative neglect with respect to the child who is the subject of this petition. (Matter of Karm’Ny QQ. [Steven QQ.], 114 AD3d 1101 [2014].)
For a court to determine and grant a motion for summary judgment upon the basis of derivative neglect the proceeding must be sufficiently proximate in time to warrant a presumption that the conditions of neglect are ongoing and that the respondent’s understanding of the duties of parenthood are fundamentally impaired. (Matter of Alyssa WW. [Clifton WW.], 106 AD3d 1157.) Although the child N.H. was born approximately one month after the neglect adjudication against the mother, it has been over a year since an incident of domestic violence has been alleged.
The court finds that although the birth of N.H. may have been proximate to the date of the prior neglect determinations, the child’s birth was not proximate to the occurrence of the underlying conduct which formed the basis of the prior determination so as to reasonably conclude that the underlying conditions of the prior neglect petition presently exist without the benefit of a full hearing.
The court further finds the mother sufficiently demonstrated there are triable issues of fact as to whether or not the conditions leading to the prior neglect finding have been ameliorated. (Matter of Phoenix J. [Rodee J.], 129 AD3d 603 [2015].) Various factors that warrant a hearing include the mother’s progress in court ordered services, cooperation with the caseworker in allowing home visits, and communication or the lack thereof with the incarcerated perpetrator of the domestic violence.
Taking into account the nature of the conduct and the significant passage of time since the incidents occurred which formed the basis of the prior neglect adjudication, the court finds that the conduct is not sufficiently proximate in time to the instant proceeding so as to reasonably conclude that the problematic conditions continue to exist. (Matter of Jeremiah I.W. [Roger H.W.], 115 AD3d 967 [2014].) Further, the court finds the allegations in the motion do not establish or warrant, without the benefit of a hearing, a conclusion that the child N.H. is subject to a substantial risk of harm under the mother’s care *653 and thus is a neglected child. (Matter of Karm’Ny QQ. [Steven QQ.], 114 AD3d 1101 [2014].)
The court will further note that upon the filing of the neglect petition before the court, the County did not seek removal of the child, nor was there a petition filed alleging a violation of the order of supervision by the mother.
Thus, the court finds triable issues of fact exist to warrant a hearing as to whether the child’s physical, mental, or emotional condition has been impaired or is in imminent danger of becoming impaired as well as whether the mother has ameliorated the underlying conditions which led to the prior neglect adjudications.
Accordingly, the court denies the Attorney for the Child’s motion for summary judgment.