■ In the Matter of JEREMY H., a Child Alleged to be Neglected. JERONAMO C., Appellant; FORESTDALE, INC., Respondent. [598 NYS2d 277] —In a child protective proceeding pursuant to Family Court Act article 10, the appeal is from an order of disposition of the Family Court, Queens County (Ambrosio, J.), dated July 17, 1991, which, upon a fact-finding order of the same court, dated November 28, 1990, made after a hearing, finding that the appellant had neglected the subject child, placed the child with the Commissioner of Social Services for a period of 12 months.

Ordered that the order of disposition is affirmed, without costs or disbursements.

We agree with the Family Court's finding that the appellant neglected the subject child by sexually abusing the child's half-sister in the child's presence when they had all lived together *(see,* Family Ct Act § 1046 [a] [i]; *Matter of Rasheda S.,* 183 AD2d 770). The sexual abuse finding had been made by the Bronx County Family Court and was the reason both

children were initially removed from the home. The instant proceeding was filed by the involved child-care agency when the appellant obtained an order of filiation with respect to the subject child and then requested his return from foster care. The appellant argues that because the Bronx County Family Court's sexual abuse finding was made in 1986 it was too remote for use as a basis for the present neglect finding. He contends that in the absence of proof of more recent acts the court erred in finding that his son would be at imminent risk of harm if returned to him, simply because he did not admit the sexual abuse of the half-sister or consent to appropriate counseling. We disagree.

The continuing unwillingness of the appellant to acknowledge his proven past actions or to attend programs designed to address the problem by the time the fact-finding hearing was held indicated that he had yet to take essential steps in correcting the condition that had caused the removal of the subject child in the first instance (see, Matter of Travis Lee G., 169 AD2d 769). Thus, it can reasonably be concluded that the condition still existed and the respondent had the burden of proving otherwise to the court, which he failed to do (see, Matter of Cruz, 121 AD2d 901, 902). Accordingly, we conclude that the Family Court applied the correct standards and that its fact-finding order was properly made (see, Matter of Rasheda S., supra; see also, Matter of Christina Maria C., 89 AD2d 855).

The appellant's challenge to the terms of the order of disposition is now academic (see, Matter of Maritza B., 164 AD2d 838, lv dismissed 77 NY2d 939), and, in any event, is without merit.

We have examined the appellant's remaining contention and find it to be without merit. Bracken, J. P., Ritter, Copertino and Santucci, JJ., concur.