GARY C. POHLMAN, Doing Business as G.C. POHLMAN CONSTRUCTION, Appellant, v AMERICAN ALLIANCE INSURANCE COMPANY, Respondent, et al., Defendants. [668 NYS2d 972] —Judgment unanimously affirmed without costs. Memorandum: We affirm for reasons stated in the decision at Supreme Court (Koshian, J.). We add only that the issues raised by plaintiff with respect to the duty of defendant American Alliance Insurance Company to defend plaintiff in the underlying personal injury action are now moot (see, Amherst & Clarence Ins. Co. v Cazenovia Tavern, 59 NY2d 983, 984, rearg denied 60 NY2d 644; see generally, Matter of Hearst Corp. v Clyne, 50 NY2d 707, 713-714). (Appeal from Judgment of Supreme Court, Niagara County, Koshian, J.—Declaratory Judgment.) Present—Pine, J. P., Lawton, Hayes, Wisner and Boehm, JJ.

ELSIE SPRING, Respondent, v KENMORE MERCY HOSPITAL, Appellant. (Appeal No. 1.) [668 NYS2d 972] —Appeal unanimously dismissed without costs (see, Loafin' Tree Rest. v Pardi [appeal No. 1], 162 AD2d 985). (Appeal from Order of Supreme Court, Erie County, Mahoney, J.—Dismiss Pleading.) Present—Pine, J. P., Lawton, Hayes, Wisner and Boehm, JJ.

In the Matter of BRANDIWELL K. and Others, Children Alleged to be Neglected. ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; MAVIS K., Appellant. [668 NYS2d 790] —Order unanimously affirmed without costs. Memorandum: Family Court's determination that the four children of respondent are neglected is supported by a preponderance of the evidence (see, Family Ct Act § 1046 [b] [i]). The record establishes that respondent's eldest child was beaten by respondent's boyfriend and that respondent failed to intercede to protect the child from that physical abuse. That failure demonstrates a fundamental defect in respondent's understanding of the duties of parenthood (see, Matter of Rasheda S., 183 AD2d 770; Matter of Lynelle W., 177 AD2d 1008) and thus supports the determination of derivative neglect with respect to the other three children. (Appeal from Order of Erie County Family Court, Townsend, J.—Neglect.) Present—Pine, J. P., Lawton, Hayes, Wisner and Boehm, JJ.