■ In the Matter of MARY S. and Another, Children Alleged to be Neglected. BROOME COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; MARGARET T., Appellant, et al., Respondent. [720 NYS2d 568] —Lahtinen, J. Appeals from two orders of the Family Court of Broome County (Hester, Jr., J.), entered May 3, 1999 and July 7, 1999, which, *inter alia,* granted petitioner's application, in a proceeding pursuant to Family Court Act article 10, to adjudicate Mary S. and Charles T. to be neglected by respondent Margaret T.

Respondent Margaret T. (hereinafter respondent) is the mother of Mary (born in 1987), who is mentally handicapped, and Charles (born in 1991). Both children reside with their mother. The children's father, respondent Harold S. (hereinafter the father), lives at a different residence. As a result of a series of reports to the New York State Central Registry (*see,* Social Services Law § 422), petitioner's child protective services caseworker investigated the family's living conditions on several different dates throughout 1998, making several home visits. During the course of those visits, she became aware that Mary had been subjected to sexual contact, including sexual intercourse, by respondent's friend, who was also the father of respondent's third child and lived nearby (hereinafter the friend). The caseworker interviewed Mary on different occasions, including once as they were observed by members of the City of Binghamton Police Department in Broome County who were conducting a criminal investigation regarding the substance of Mary's statements. The child indicated that this conduct occurred when respondent was present in the home and, despite telling respondent about these encounters, the incidents continued.

As a result of this investigation, petitioner filed a Family Court Act article 10 petition charging respondent and the father with neglecting both children and sexually abusing Mary. The combined petition alleged, *inter alia,* that respondent and the father allowed sex offenses to be committed against Mary, some of which were witnessed by Charles, and included several allegations relating to the cleanliness and the condition of the home and the children. At the conclusion of the fact-finding hearing, Family Court dismissed the abuse portion of the petition against both respondents, dismissed the neglect portion of the petition against the father, but found that respondent had neglected Mary and the totality of the cir-

cumstances were adequate to find that respondent also neglected Charles. After a dispositional hearing, Family Court continued Mary and Charles in the custody of petitioner and their foster home placements,* directed respondent to participate in various services provided through petitioner and issued an order of protection against the perpetrator of the sexual contact with Mary. Respondent now appeals.

On appeal, respondent contends that petitioner failed to prove by a preponderance of the evidence (*see*, Family Ct Act § 1046 [b] [i]) that she neglected Mary and Charles by failing to exercise a minimum degree of care by providing adequate food, clothing or shelter for them (*see*, Family Ct Act § 1012 [f] [1] [A]), by providing "proper supervision or guardianship [or] by unreasonably inflicting or allowing to be inflicted harm, or a substantial risk [of harm]" (Family Ct Act § 1012 [f] [i] [B]). Additionally, she argues that Mary's statements regarding the alleged abuse were not sufficiently corroborated and that testimony pertaining to unfounded hotline reports was improperly permitted. We disagree and affirm the order of Family Court.

Petitioner's caseworker testified as to Mary's detailed description of various incidents of sexual contact with the mother's friend, a frequent visitor to their home. While respondent did report one incident to the police, who commenced a criminal investigation, it is clear that respondent took no other steps to halt the criminal sexual contact which she was aware had continued to occur even after she reported the alleged conduct to the police. When confronted by petitioner's caseworker about the continued inappropriate sexual behavior, respondent described it as "just fooling around." Respondent's failure to take any appropriate action to protect Mary, a child of tender years and limited intelligence, from this hideous criminal conduct and its obvious resulting harm to Mary requires a finding of neglect (*see*, *Matter of Themika V.*, 205 AD2d 787).

Respondent's contention regarding the lack of corroboration of Mary's out-of-court statements regarding her being sexually abused are without merit. Proof of the friend's judgment of conviction for the crime of sexual abuse in the second degree based on his guilty plea for having criminal sexual contact with Mary was more than sufficient corroborating proof of Mary's out-of-court statements (*see*, Family Ct Act § 1046 [a] [vi]; *Matter of Russell B.*, 257 AD2d 707, 708).

---

* Mary and Charles had been taken into protective custody by petitioner in November 1998 and an order of temporary placement was signed by Family Court after a removal hearing several days later.

Likewise, this evidence (*see,* Family Ct Act § 1046 [a] [i]; *Matter of Lisa Z.,* 267 AD2d 800, 804) supports Family Court's finding that respondent also neglected Charles, since it establishes respondent's "impaired level of parental judgment" which created a substantial risk to Charles, who also resided in the home (*see, Matter of Kaitlyn R.,* 267 AD2d 894, 897 [internal quotations ,omitted]). The evidence also justifies Family Court's conclusion that respondent was not an ally to her children because she failed to protect them from harm or a risk of harm. Moreover, respondent's characterization of the friend's criminal sexual conduct with Mary as "just fooling around" demonstrates that her "understanding of the duties associated with caring for [her] children was fundamentally flawed" (*Matter of Nathaniel TT.,* 265 AD2d 611, 614, *lv denied* 94 NY2d 757).

We also note that Family Court's finding of neglect was further supported by the testimony of petitioner's caseworker that on numerous visits to respondent's home she found the children living in a house strewn with garbage, dirty dishes, food and clothing, which the caseworker had to prompt respondent to remedy (*see, Matter of Katie R.,* 251 AD2d 698, 700, *lv denied* 92 NY2d 809; *Matter of Busch v Margaret B.,* 109 AD2d 837).

Finally, accepting respondent's argument that Family Court improperly admitted testimony regarding the underlying facts of the unfounded hotline reports (*see,* Social Services Law § 422 [5]), which related to respondent's screaming at the children and the condition of the home, we find the receipt of such testimony is of no consequence (*see,* CPLR 2002). Were this evidence to be stricken from the record, the remedy sought by respondent, the remaining evidence would overwhelmingly support Family Court's finding that respondent neglected Mary and Charles.

Mercure, J. P., Crew III, Mugglin and Rose, JJ., concur. Ordered that the orders are affirmed, without costs.