■ In the Matter of KRISTA LL. and Another, Children Alleged to be Abused and/or Neglected. COLUMBIA COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; MARYANN LL., Appellant. [848 NYS2d 398]—

Mugglin, J. Appeal from an order of the Family Court of Columbia County (Czajka, J.), entered June 1, 2005, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 10, to adjudicate respondent's children to be neglected.

Respondent is the mother of two daughters who are the subjects of this abuse/neglect proceeding. When the older daughter revealed to respondent that respondent's husband had been sexually abusing her, she immediately took this daughter to counseling and the matter was reported to the State Police. This proceeding, instituted in August 2004, alleged neglect of both daughters and was predicated on respondent's conduct after the initial revelation of the sexual abuse. Following a fact-finding hearing and a *Lincoln* hearing, Family Court determined both children to be neglected by respondent. The order of disposition, among other things, placed the victim in the custody of

petitioner for 12 months. Respondent appeals, arguing that Family Court erred by finding that she failed to protect her older daughter and she placed her younger daughter at imminent risk of harm.

Respondent's first argument, while correct, is misplaced. Since she had no knowledge of the sexual abuse prior to the child's reporting it to her and she immediately obtained counseling services for the child, any finding of neglect on such evidence would fail (*see Matter of Vivian OO.*, 34 AD3d 1111, 1113 [2006], *lv denied* 8 NY3d 808 [2007]). However, at issue is respondent's subsequent conduct, which can form the basis for a finding of neglect (*see e.g. Matter of Brent HH.*, 309 AD2d 1016, 1018 [2003], *lv denied* 1 NY3d 506 [2004]). In this regard, our review of the record establishes that Family Court's determination of neglect has a sound and substantial basis (*see Matter of Brandyn P.*, 278 AD2d 533, 535 [2000]; *Matter of Nathaniel TT.*, 265 AD2d 611, 614 [1999], *lv denied* 94 NY2d 757 [1999]). To establish neglect, the preponderance of the evidence must demonstrate that the child's physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired and that the actual or threatened harm to the child is a consequence of the failure of the parent to exercise a minimum degree of proper supervision or guardianship of the child (*see* Family Ct Act § 1046 [b] [i]; *Nicholson v Scoppetta*, 3 NY3d 357, 368 [2004]; *Matter of John O.*, 42 AD3d 687, 687 [2007]).

Here, the record is replete with evidence that respondent refused to believe that the sexual abuse occurred, despite the husband's confession, she repeatedly accused the victim of lying and attempting to break up the family, she convinced the younger daughter that the accusations against the husband were lies and she inflicted corporal punishment upon the victim when she refused to retract her allegations. Additionally, respondent placed the older daughter at the home of friends—where the husband had been staying—and allowed her younger daughter to be further exposed to the husband after his release from jail and failed to provide any assistance with the emotional needs of the children, despite their evident necessity. In our view, this conduct constitutes a severe deviation from the course which would be adopted by a reasonably prudent parent, creates the potential of harm to the mental and emotional condition of both children, and demonstrates a sound and substantial basis for the neglect findings (*see Matter of Mary S.*, 279 AD2d 896, 897 [2001]).

Next, respondent's assignation of error with respect to the

finding that the younger daughter was placed in imminent danger is based on the claim that Family Court relied on unsubstantiated evidence from petitioner's caseworker who testified that respondent allowed the husband back into the home—where the younger daughter was—after his release from jail. Respondent's conflicting testimony in this regard simply created a credibility issue. Issues of credibility and the probative value of conflicting testimony are issues to be resolved within the discretion of Family Court (*see Matter of Rebecca X.*, 18 AD3d 896, 898 [2005], *lv denied* 5 NY3d 707 [2005]), and we find no basis to disturb Family Court's crediting the uncorroborated evidence. Under these facts, against the background of respondent's continued refusal to believe the allegations of sexual abuse and the exposure of the younger daughter to the abuse, Family Court properly concluded that allowing her to be exposed to the husband constituted neglect (*see Matter of Vivian OO.*, 34 AD3d at 1113; *Matter of Mary S.*, 279 AD2d at 897; *Matter of Colleen CC.*, 232 AD2d 787, 789 [1996]).

Cardona, P.J., Crew III, Rose and Kane, JJ., concur. Ordered that the order is affirmed, without costs.