■ In the Matter of AHMAD H. and Another, Infants. ONONDAGA COUNTY DEPARTMENT OF SOCIAL SERVICES, Appellant; VENNETTA J., Respondent, and EARL H., Respondent. [849 NYS2d 140]—

Appeal from an order of the Family Court, Onondaga County (Bryan R. Hedges, J.), entered November 28, 2006 in a proceeding pursuant to Family Court Act article 10. The order, insofar as appealed from, dismissed the amended petition against respondent Earl H.

It is hereby ordered that the order insofar as appealed from be and the same hereby is unanimously reversed on the law without costs, the amended petition is granted in its entirety, respondent Earl H. is adjudicated to have derivatively neglected Ahmad H. and Amina H. and the matter is remitted to Family Court, Onondaga County, for a dispositional hearing.

Memorandum: Family Court erred in dismissing the amended petition against respondent father on the ground that his 1989 adjudication of neglect with respect to children in his legal care whom he had sexually abused was too remote in time to form the basis of an adjudication of derivative neglect with respect to his two children who are the subject of this proceeding. Where a person's conduct toward one child "demonstrates a fundamental defect in [the person]'s understanding of the duties of parenthood," an adjudication of derivative neglect with respect to other children is warranted (*Matter of Brandiwell K.*, 247 AD2d 931 [1998]). Although 17 years had passed between the prior adjudication and the births of the subject children, we conclude that an adjudication of derivative neglect is warranted under the circumstances because there is no reason to believe that the father's proclivity for sexually abusing children has changed, nor is there any indication the father has addressed the issues that led to the prior adjudication of neglect and his sexual abuse

of children (*see Matter of Evelyn B.*, 30 AD3d 913, 915-916 [2006], *lv denied* 7 NY3d 713 [2006]). The father's attorney acknowledged that the father is a convicted sex offender who has not even started a treatment program for sex offenders despite having been advised repeatedly that he needed to complete one. The father's attorney also acknowledged that the father is on probation and that, as a condition of his probation, he is prohibited from having any contact with children under the age of 18, and the father's attorney further acknowledged that an order of protection was entered against the father with respect to another child in the care of respondent mother (*see id.; Matter of Daequan FF.*, 243 AD2d 922, 923 [1997]; *Matter of Jeremy H.*, 193 AD2d 799, 800 [1993]). We thus conclude on the record before us that an adjudication of derivative neglect is appropriate because there is "a fundamental defect in [the father]'s understanding of the duties of parenthood" (*Brandiwell K.*, 247 AD2d 931 [1998]). Present—Scudder, P.J., Hurlbutt, Smith, Fahey and Pine, JJ.