■ In the Matter of CHELSEA M. and Another, Children Alleged to be Neglected. OMSHANTI PARNES, as Law Guardian, Respondent; MICHELLE M., Appellant. [876 NYS2d 222]—

Mercure, J.P. Appeals from two orders of the Family Court of Clinton County (Lawliss, J.), entered January 25, 2008 and February 13, 2008, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 10, to adjudicate the subject children to be neglected.

Respondent is the mother of a daughter born in 1993 and a son born in 1996, as well as other adult children. Petitioner, the Law Guardian for the subject children, commenced this proceeding in November 2007, seeking an order adjudicating the children to be neglected. Among other things, petitioner alleged that respondent had obtained an order of protection against her husband, the children's father, after he had repeatedly threat-

---

ened to kill her, but shortly thereafter began to advocate for the father's return home. Following a hearing, Family Court found that respondent had neglected the children and, concluding that an order of protection directing the father to stay away from the home would be insufficient, placed the children in the custody of their adult sister.* In addition, the court issued an order of protection prohibiting respondent from having unsupervised contact with the children. Respondent appeals, and we now affirm.

To establish neglect, a petitioner must demonstrate, by a preponderance of the evidence, "that [a] child's physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired and that the actual or threatened harm to the child is a consequence of the failure of the parent to exercise a minimum degree of proper supervision or guardianship of the child" (*Matter of Krista LL.*, 46 AD3d 1209, 1210 [2007]; *see* Family Ct Act § 1046 [b] [i]; § 1012 [f] [i]; *Nicholson v Scoppetta*, 3 NY3d 357, 368 [2004]). Moreover, parental behavior must be evaluated "objectively," in light of whether a "reasonable and prudent parent [would] have so acted, or failed to act, under the circumstances then and there existing" (*Nicholson v Scoppetta*, 3 NY3d at 370).

Here, respondent admitted that the father drank four or five days a week throughout the entirety of the children's lives, that the father's drinking led to arguments and domestic violence in the home, and that she was forced to leave the house at times as a result of the father's actions. Furthermore, Family Court credited the testimony of the children's adult sisters, who stated that the father drank nearly every day, causing fighting between the parents, and that they had moved out of the home at the ages of 15 and 16, respectively. One sister testified, in addition, that the father had once kicked her in the stomach, tearing her diaphragm and requiring her to be taken by ambulance to a hospital. The other testified that the father had sexually abused her at a young age, leading to an indicated report from child protective services, and that he had physically abused both sisters. Nevertheless, and despite the order of protection that she obtained after the father threatened to kill her, respondent refused to believe the adult sisters' allegations against the father or that he presented a danger to the subject children; instead, respondent testified that he should be permitted to return to the home immediately.

---

* Respondent's son had already been placed in his adult sister's custody as a result of a juvenile delinquency proceeding. We further note that the father consented to a finding of neglect against him.

In our view, there is a sound and substantial basis to support Family Court's finding that the children were in imminent danger of impairment as a result of respondent's failure to exercise a minimum degree of care (*see Matter of Krista LL.*, 46 AD3d at 1210; *Matter of Jessica P.*, 46 AD3d 1142, 1143-1144 [2007]; *Matter of Paul U.*, 12 AD3d 969, 970-971 [2004]). Despite her knowledge of the father's alcohol abuse and violent tendencies, the children's exposure to the domestic violence, and the order of protection issued at her request, respondent has refused to accept her adult children's description of the physical and sexual abuse that they suffered at the hands of the father. Moreover, respondent believes that the father should return home and has taken steps to conceal the father's continued drinking in order to facilitate his return to the household. Contrary to respondent's argument, the incidents described by the adult sisters are not too remote in time to be relevant; "where, as here, the circumstances of the case evince a continuing pattern over the course of many years, we cannot conclude that only the most recent instances of neglect are germane to the discussion" (*Matter of Evelyn B.*, 30 AD3d 913, 915 [2006], *lv denied* 7 NY3d 713 [2006]; *see Matter of Charles DD.*, 163 AD2d 744, 747-748 [1990]; *see also Matter of Ahmad H.*, 46 AD3d 1357, 1357-1358 [2007]). Accordingly, inasmuch as the evidence presented herein amply supports Family Court's finding of neglect, we affirm.

Respondent's challenges to the dispositional order are moot inasmuch as that order has expired by its own terms and has been superceded by a subsequent order extending placement (*see Matter of Kashayla L.*, 56 AD3d 962, 962-963 [2008]; *Matter of Blaize F.*, 55 AD3d 974, 975 [2008]).

Peters, Lahtinen, Kane and Malone Jr., JJ., concur. Ordered that the order entered February 13, 2008 is affirmed, without costs. Ordered that the appeal from the order entered January 25, 2008 is dismissed, as moot, without costs.