■ In the Matter of NYJAIAH M. and Others, Children Alleged to be Neglected. HERBERT M., Respondent; NEW YORK CITY ADMINISTRATION FOR CHILDREN'S SERVICES, Appellant. [899 NYS2d 53]—

Order, Family Court, Bronx County (Karen I. Lupuloff, J.), entered on or about December 7, 2009, which dismissed three derivative neglect petitions against the respondent father on the ground that a prima facie case of derivative neglect had not been presented, unanimously reversed, on the law, without costs, and the matter remanded to the Family Court, Bronx County, for a continuation of the fact-finding hearing.

The petitions at issue were supported by evidence sufficient to establish a prima facie case of derivative neglect. Family Court erred in concluding that the 2004 fact-finding, that respondent had over the course of four years sexually abused his older daughter, could not serve as a basis for a finding of derivative neglect warranting the removal of his three young daughters from his care. The 2004 fact-finding was based on respondent's admission that he improperly touched his daughter's genitals, evincing a profoundly impaired level of parental judgment that would place any child in the respondent's care at the risk of harm (*see Matter of Grant W. [Raphael A.],* 67 AD3d 922 [2009]). The court's emphasis on the fact that the 2004 finding was over five years old is of no moment (*see e.g. Matter of Ahmad H.,* 46 AD3d 1357 [2007], *lv denied* 12 NY3d 715 [2009]), particularly where the sexual abuse took place continually over a four-year period (*see e.g. Matter of Chelsea M.,* 61 AD3d 1030, 1032 [2009]), and there was no evidence in the record to support a reasonable belief that respondent's proclivity for sexually abusing children has changed (*see e.g. Matter of Ahmad H.,* 46 AD3d at 1357-1358). Indeed, petitioner showed that there was no change in respondent's pattern of conduct by presenting evidence of his abuse of the subject children, which included blowing on the exposed genitals of his then six-month-old daughter and placing the head of his three-year-old daughter under his shirt and near his crotch in actions approximating oral sexual contact. Concur—Gonzalez, P.J., Catterson, Moskowitz, Renwick and Richter, JJ.