■ In the Matter of KARMA C., a Child Alleged to be Neglected. TENEQUA A., Appellant; ADMINISTRATION FOR CHILDREN'S

Order of disposition, Family Court, New York County (Susan K. Knipps, J.), entered on or about September 4, 2013, which upon a fact-finding determination, same court and Judge, entered on or about April 19, 2013, that respondent mother, due to her impaired mental state, had neglected the subject child, Karma C., granted temporary custody of the child to the father, unanimously affirmed, without costs.

A preponderance of the evidence supports the Family Court's finding that the child's physical, mental or emotional condition was in imminent danger of becoming impaired as a result of the mother's history of mental illness and failure to maintain regular treatment and take prescribed medication (*see Matter of Naomi S. [Hadar S.]*, 87 AD3d 936, 937 [1st Dept 2011], *lv denied* 18 NY3d 804 [2012]; *see also* Family Ct Act §§ 1046 [b] [i]; 1012 [f] [i] [B]). The mother suffers from mental illness characterized by, among other things, bipolar disorder, anxiety and depression.

Prior to relocating from Boston, the mother alternated between several shelters and the home of the paternal grandmother, who often provided primary care for the child.

Since moving to New York, the mother has lived in various shelters, where she has gotten into physical altercations with shelter staff and residents, in the presence of the child. She also has had panic attacks, for which she has been hospitalized.

The record reflects the mother's lack of insight into the effect of her mental illness on the child, as well as deterioration of her condition due to failure to receive regular treatment and take prescribed medication (*see Matter of Christopher R. [Lecrieg B.B.]*, 78 AD3d 586, 586-587 [1st Dept 2010]). The record further demonstrates, inter alia, that, on at least one occasion, the mother threatened to kill the child if the agency were to take her away, and reportedly heard voices telling her to kill someone. Thus, the mother's mental illness created an imminent risk of harm to the child (*Matter of Isaiah M. [Antoya M.]*, 96 AD3d 516, 517 [1st Dept 2012]).

Further, under the circumstances, we find the court properly determined that it was in the child's best interests to be released to the temporary custody of the father, who is not a party to the proceeding (*see e.g. Matter of Naomi S.*, 87 AD3d at 937).

We have considered the mother's remaining arguments and find them unavailing. Concur—Mazzarelli, J.P., Acosta, De-Grasse and Clark, JJ.