■ In the Matter of CASHMERE S., a Child Alleged to be Neglected. ADMINISTRATION FOR CHILDREN'S SERVICES, Appellant; RINELL S. et al., Respondents. [4 NYS3d 190]—

Order, Family Court, New York County (Clark V. Richardson, J.), entered on or about May 5, 2014, which, after a fact-finding hearing, dismissed a petition alleging that respondent father and respondent mother neglected the subject child by failing to exercise a minimum degree of care in providing the subject child with proper supervision and guardianship, unanimously reversed, on the law, without costs, the petition granted, and the matter remanded to Family Court, New York County for a dispositional hearing.

The Family Court erred in dismissing the neglect petition against the father. A preponderance of the evidence presented by petitioner at the fact-finding hearing demonstrated that the father was convicted, upon his guilty plea, of attempted sodomy in the first degree, and that he was designated a risk level two sex offender based on that conviction. The father admitted that his conviction arose from an incident during which he placed his penis in the mouths of his six-year-old son and nine-year-old niece. Following his release from prison, the father attended a sex offender program, and admitted he pleaded guilty to the sex offenses, but denied committing the acts. At the fact-finding hearing, he testified that he regretted pleading guilty, because he did not have any sexual contact with his son or niece, and it resulted in his having to register as a sex offender. He also stated that he only attended sex offender treatment programs because it was a condition of his parole. The father's failure to accept responsibility for his sex offenses poses an imminent risk to the subject child (*see Matter of Anastacia L. [Vito L.]*, 90 AD3d 452, 453 [1st Dept 2011], *lv denied* 18 NY3d 809 [2012]). Further, although 10 years had passed between the father's sex offense adjudication and the filing of the neglect petition, an adjudication of neglect is warranted since the father failed to demonstrate that his proclivity for abusing children has changed (*see Matter of Ahmad H.*, 46 AD3d 1357 [4th Dept 2007], *lv denied* 12 NY3d 715 [2009]).

The Family Court also erred in dismissing the neglect petition against the mother. The mother acknowledged that she was aware of the father's sex offense conviction, and that he was a registered sex offender. She nevertheless allowed the father to act as the child's sole caretaker and to have unsupervised access to the child (*see Matter of Destiny EE. [Karen FF.]*, 90 AD3d 1437, 1443 [3d Dept 2011], *lv dismissed* 19 NY3d 856 [2012]).

Contrary to the father's and mother's contentions, the Court of Appeals decision in *Matter of Afton C. (James C.)* (17 NY3d 1 [2011]) does not warrant a dismissal of the petition. In that case, the Court found that the fact that the father was a risk level three sex offender who had never sought sex offender treatment, and was living in the same home as the subject children, was insufficient to establish neglect (*id.* at 6). The Court further noted, however, that "there are circumstances in which the facts underlying a sex offense are sufficient to prove neglect. Where, for example, sex offenders are convicted of abusing young relatives or other children in their care, their crimes may be evidence enough" (*id.* at 11). Here, the father's

sexual abuse of his young son and young niece is sufficient evidence to prove neglect of the subject child, especially when coupled with the father's refusal to accept responsibility for his crime, and distinguishes this case from *Afton C.* Concur—Tom, J.P., Renwick, Andrias, Richter and Gische, JJ.