■ In the Matter of JALICIA G., a Child Alleged to be Neglected. JACQUELINE G., Appellant; ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent. In the Matter of JALICIA G., a Child Alleged to be Neglected. RANDOLPH W, Appellant; ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent. [13 NYS3d 49]—

Order, Family Court, Bronx County (Erik S. Pitchal, J.), entered on or about January 30, 2014, which, following a fact-finding hearing, determined that respondent mother Jacqueline G., had neglected the subject child, and order (same court and Judge), entered on or about September 12, 2013, which denied the mother's motion to disqualify the Legal Aid Society (LAS) from representing the child, unanimously affirmed, without costs. Appeal from order (same court and Judge), entered on or about July 8, 2013, which denied her application pursuant to Family Ct Act § 1028, unanimously dismissed, without costs, as moot. Order (same court, Kelly O'Neill Levy, J.), entered on or about November 26, 2013, finding, after a hearing, that respondent father Randolph W. neglected and derivatively neglected the child, unanimously affirmed, without costs.

Family Court's finding that there is no conflict in the Legal Aid Society's (LAS) continued representation of the subject

child was proper, notwithstanding that its staff attorneys had represented the mother when she was a child who was the subject of a neglect proceeding. LAS demonstrated that, due to the size of its organization, and the safeguards and screening procedures in place, there was no risk that the LAS personnel representing the subject child in these proceedings had acquired or could acquire any confidences and secrets she shared with other LAS personnel who previously represented her (*see Kassis v Teacher's Ins. & Annuity Assn.*, 93 NY2d 611, 616-618 [1999]; *People v Wilkins*, 28 NY2d 53, 56 [1971]; *Matter of T'Challa D.*, 3 AD3d 569 [2d Dept 2004]).

A preponderance of the evidence supports the finding that the pattern of domestic violence between the parents, and the proximity of the child's bedroom to the physical and verbal fighting that occurred, placed the child at imminent risk of emotional and physical impairment (*see Matter of Angie G. [Jose D.G.]*, 111 AD3d 404, 404-405 [1st Dept 2013]; *Matter of Gianna C.-E. [Alonso E.]*, 77 AD3d 408 [1st Dept 2010]).

The evidence that the mother had been diagnosed with a mental illness for which she did not seek treatment, while not alone a basis for a finding of neglect, supported the finding of neglect since she displayed a lack of insight into the effect of her illness on her ability to care for the young child (see *Matter of Karma C. [Tenequa A.]*, 122 AD3d 415, 416 [1st Dept 2014]; *Matter of Jonathan S. [Ismelda S.]*, 79 AD3d 539 [1st Dept 2010]).

The record supports the finding of derivative neglect against the father. The father displayed a lack of insight into his parental duties, evidenced by his refusal to comply with services as directed by a Family Court dispositional order entered upon findings of sexual abuse of an older child and neglect of other children involving domestic violence and excessive corporal punishment (*see Matter of Cashmere S. [Rinell S.]*, 125 AD3d 543, 544-545 [1st Dept 2015]). Given the seriousness of the prior findings, which evince such a profoundly impaired level of parental judgment that any child in his care would be at a substantial risk of harm, the prior order, issued in 2010, was sufficiently proximate in time to the instant proceedings commenced in 2012 to support a finding of derivative neglect (*see Matter of Nyjaiah M. [Herbert M.]*, 72 AD3d 567 [1st Dept 2010]).

The mother's appeal from the order denying her application to return her child pursuant to Family Court Act § 1028 has been rendered moot by the determination of neglect (*see Matter of Jabez F. [Martha L.—Bernard F.]*, 92 AD3d 448 [1st Dept

2012]). Her appeal from the fact-finding order of neglect was not affected by the subsequent entry of an order of disposition because the intermediate order is appealable as of right (Family Ct Act § 1112 [a]; *see Matter of Christy C. [Roberto C.]*, 77 AD3d 563 [1st Dept 2010]). Concur—Gonzalez, P.J., Sweeny, Renwick, Saxe and Feinman, JJ.