Matter of Mylah C. (Chantal C.) (2018 NY Slip Op 01997)





Matter of Mylah C. (Chantal C.)


2018 NY Slip Op 01997


Decided on March 22, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 22, 2018

Tom, J.P., Webber, Oing, Moulton, JJ.


6053

[*1]In re Mylah C., A Child Under Eighteen Years of Age, etc., Chantal C., Respondent-Appellant, The Administration for Children's Services, Petitioner-Respondent.


Larry S. Bachner, New York, for appellant.
Zachary W. Carter, Corporation Counsel, New York (Elizabeth I. Freedman of counsel), for respondent.
Dawne Mitchell, The Legal Aid Society, New York (Seymour W. James, Jr. of counsel), attorney for the child.



Order, Family Court, New York County (Jane Pearl, J.), entered on or about April 4, 2017, which, to the extent appealed from as limited by the briefs, found that respondent mother neglected the subject child based on respondent's failure to comply with treatment for her mental illness, unanimously affirmed, without costs.
Petitioner demonstrated by a preponderance of the evidence that the mother suffers from mental illness and psychosis, that she often lacks insight into her illness and need for treatment, and that her mental condition interferes with her judgment and parenting abilities, thereby placing the child at imminent risk of physical, mental or emotional impairment (see Matter of Ruth Joanna O.O. [Melissa O.], 149 AD3d 32, 39 [1st Dept 2017], affd 30 NY3d 985 [2017]; Matter of Jalicia G. [Jacqueline G.], 130 AD3d 402, 403 [1st Dept 2015]; Matter of Immanuel C.-S [Debra C.], 104 AD3d 615 [1st Dept 2013]). The mother made numerous visits to the emergency department, exhibiting psychotic and aggressive behavior, homicidal ideation, somatic preoccupation, and poor judgment and insight, which on one occasion even caused her to be physically restrained. She also underwent multiple extended hospitalizations for mental illness (Matter of Jacob L. [Chastity P.], 121 AD3d 502 [1st Dept 2014]), and experienced repeated relapses due to her noncompliance with prescribed medication and therapy (Ruth Joanna O.O., 149 AD3d at 41; Matter of Michael P. [Orthensia H.], 137 AD3d 499, 500 [1st Dept 2016]; Matter of Naomi S. [Hadar S.], 87 AD3d 936 [1st Dept 2011], lv denied 18 NY3d 804 [2012]).
Evidence of actual injury to the child was not required to enter a finding of neglect, since there is sufficient evidence that the child was at imminent risk of harm due to the mother's untreated mental illness (Ruth Joanna O.O. at 41; Matter of Immanuel C.-S [Debra C.], 104 AD3d at 615; Matter of Annalize P. [Angie D.], 78 AD3d 413, 414 [1st Dept 2010]; Family Court Act § 1012 [f][i]; see Nicholson v Scoppetta, 3 NY3d 357, 368-369 [2004]). In any event, there is evidence that the mother's illness interferes with her ability to care and plan for the child.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 22, 2018
DEPUTY CLERK