Matter of Aniya M. (Onaisa M.) (2020 NY Slip Op 05686)





Matter of Aniya M. (Onaisa M.)


2020 NY Slip Op 05686


Decided on October 13, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 13, 2020

Before: Webber, J.P., Mazzarelli, Oing, Shulman, JJ. 


Docket No. NN-2223-4/17 Appeal No. 12020 Case No. 2019-4436 

[*1]In re Aniya M. and Another, a Child Under Eighteen Years of Age, etc., Onaisa M. Respondent-Appellant. Administration for Children's Services, Petitioner-Respondent.


Law Office of Lewis S. Calderon, Jamaica (Lewis S. Calderon of counsel), for appellant.
James E. Johnson, Corporation Counsel, New York (Antonella Karlin of counsel), for respondent.
Lawyers for Children, New York (Shirim Nothenberg of counsel), attorney for the children.



Order of fact-finding and disposition, Family Court, New York County (Patria Frias-Colon, P.), entered on or about April 8, 2019, which, after a hearing, found that respondent-mother had neglected the subject children, unanimously affirmed, without costs.
Petitioner Administration for Children's Services (ACS) demonstrated by a preponderance of the evidence that the mother neglected her infant children by leaving them with an ex-girlfriend for several weeks without adequate provisions (see Matter of Olivia J.R. [Marianette R.] , 168 AD3d 433, 434 [1st Dept 2019]; see also Matter of Nassair S. [Chareshma T.], 144 AD3d 604, 604-605 [1st Dept 2016]). The children were observed to be sleeping in car seats since there were no cribs in the home. Furthermore, ACS also established that the mother knew or should have known her ex-girlfriend was an inappropriate caregiver, because she had obtained a full stay-away order of protection against the mother after a domestic violence incident, thus rendering it impossible for the mother to visit the children without violating the order (see Matter of Charisma D. [Sandra R.], 115 AD3d 441 [1st Dept 2014]). The record also demonstrates that the mother refused to comply with her mental health services or seek adequate treatment for her anger management issues, which further placed the children's well-being in imminent risk of harm (see Matter of Jalicia G. [Jacqueline G.], 130 AD3d 402, 403 [1st Dept 2015]). The court properly drew a negative inference against the mother for failing to testify, which, together with the evidence submitted by ACS, supports the finding of neglect (see Matter of Clarissa S.P. [Jaris S.], 91 AD3d 785, 786 [2d Dept 2012]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 13, 2020