Matter of Maxwell P. (Katherine S.) (2021 NY Slip Op 04202)





Matter of Maxwell P. (Katherine S.)


2021 NY Slip Op 04202


Decided on July 06, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 06, 2021

Before: Acosta, P.J., Kapnick, Moulton, Scarpulla, JJ. 


Docket No. NN-00537/19 Appeal No. 14168-14168A Case No. 2020-04334 

[*1]In the Matter of Maxwell P., a Child Under the Age of 18 Years, etc., Administration for Children's Services, Petitioner-Respondent, Katherine S., Respondent-Appellant.


Steven P. Forbes, Huntington, for appellant.
James E. Johnson, Corporation Counsel, New York (Scott Shorr of counsel), for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Patricia Colella of counsel), attorney for the child.



Order of disposition, Family Court, Bronx County (Michael R. Milsap, J.), entered on or about August 24, 2020, to the extent it brings up for review a fact-finding order, same court and Judge, entered on or about April 28, 2020, which found that respondent mother neglected the subject child, unanimously affirmed, without costs. Appeal from the aforementioned fact-finding order, unanimously dismissed, without costs, as subsumed in the appeal from the dispositional order.
A preponderance of the evidence supports the Family Court's finding that respondent medically neglected the child (see Family Ct Act §§ 1012[f][i][A]; 1046[b][i]). Respondent's failure to ensure that her son consistently received his prescribed medication for his ear infection placed him at imminent risk (see Matter of Joelle T. [Laconia W.], 140 AD3d 513, 514 [1st Dept 2016]). Contrary to respondent's contention, expert testimony regarding how her mental illness affected her ability to care for the child was not required. The caseworker's testimony regarding her out-of-court statement that she stopped giving the child the antibiotic prescribed for his ear infection prematurely because she did not believe it was helping him was admissible as a party admission (see Nicholson v Scoppetta, 3 NY3d 357, 383 [2004]; Matter of Nassair S. [Chareshma T.], 144 AD3d 604, 605 [1st Dept 2016]).
We find that the court also properly determined that petitioner proved by a preponderance of the evidence that respondent neglected the child by reason of her untreated mental illness and failure to provide adequate supervision and guardianship, which created a substantial probability that the child would be placed at imminent risk of harm if placed in her care (see Family Ct Act §§ 1012[f][i][A]; 1046[b][i]). The record shows that petitioner's resistance to treatment and lack of insight into how her illness impacted her ability to care for her son created a substantial probability that he would not receive adequate care and would be exposed to imminent danger (see Matter of Jalicia G. [Jacqueline G.], 130 AD3d 402, 403 [1st Dept 2015]; Matter of Ronald Anthony G. [Sammantha J.], 83 AD3d 608 [1st Dept 2011]).
The Family Court properly drew the strongest possible negative inference against respondent for her failure to testify at the fact-finding hearing (see Matter of Mia B. [Brandy R.], 100 AD3d 569, 569 [1st Dept 2012], lv denied 20 NY3d 858 [2013]). Finally, there is no reason to disturb the Family Court's evaluation of the evidence including its credibility determinations which are clearly supported by the record (see Matter of Irene O., 38 NY2d 776, 777 [1975]; Matter of V.C.[S.C.], 192 AD3d 533 [1st Dept 2021]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: July 6, 2021