In the Matter of JUSTICE T. and Another, Infants. ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; FELISA T., Appellant. [758 NYS2d 732] —Appeal from an order of Family Court, Erie County (Mix, J.), entered July 11, 2001, which, inter alia, adjudged that respondent's twin sons are neglected children.

It is hereby ordered that said appeal from the order insofar as it concerns disposition be and the same hereby is unanimously dismissed and the order is affirmed without costs.

Memorandum: Family Court properly determined that respondent's twin sons are neglected children, based on the court's finding of derivative neglect (*see* Family Ct Act § 1046 [a] [i]). The finding of derivative neglect stems from the fact that respondent killed her 10-month-old daughter in 1989 by twice slamming the infant's head against the wall, resulting in respondent's conviction of manslaughter in the first degree (Penal Law § 125.20 [1] [with intent to cause serious physical injury to another person]). We reject respondent's contention that the homicide is too remote to provide the basis for the

finding of derivative neglect. Petitioner established the horrific nature of the crime, which was an intentional act committed upon the infant. Petitioner further established that the homicide occurred while respondent was receiving rehabilitative services as a result of previous allegations of abuse. Furthermore, petitioner established that respondent gave birth to the twins while on parole for the homicide and while receiving psychiatric care. Under the circumstances of this case, we agree with the court that the passage of time has not diminished the threat to the twins, who are entirely vulnerable and "utterly unable to defend [themselves] or report mistreatment" (*Matter of Kimberly H.*, 242 AD2d 35, 39 [1998]). "In such a case, the condition [that led to the homicide] is presumed to exist currently and the respondent has the burden of proving that the * * * condition cannot reasonably be expected to exist currently or in the foreseeable future" (*Matter of Cruz*, 121 AD2d 901, 903 [1986]). We conclude that respondent failed to meet that burden.

We further reject respondent's contention that the court erred in granting petitioner's motion requesting a finding that reasonable efforts to return the children to their home are no longer required (*see* Family Ct Act § 1039-b). Finally, we conclude that respondent's challenge to the disposition is moot inasmuch as that part of the order placing the children in foster care has by its terms expired (*see Matter of Michael G.*, 300 AD2d 1144 [2002]; *Matter of Hannah H.*, 293 AD2d 540 [2002]). Present—Pine, J.P., Wisner, Kehoe, Burns and Gorski, JJ.