■ In the Matter of ALEXIS R., a Child Alleged to be Neglected. ANA R., Appellant; ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent. [879 NYS2d 413]—

Order of disposition, Family Court, New York County (Sara P. Schechter, J.), entered on or about June 15, 2006, which, upon a finding of derivative neglect, released the subject child to respondent subject to the supervision of petitioner Administration for Children's Services, unanimously reversed, on the law and the facts, without costs, and the petition dismissed.

There is no hard and fast rule governing time proximity in determining whether proof of neglect of one child may, in ap-

propriate circumstances, be sufficient to sustain a finding of abuse or neglect of a second child (*see Matter of Kadiatou B.*, 52 AD3d 388, 389 [2008], *lv denied* 12 NY3d 701 [2009]; *Matter of Cruz*, 121 AD2d 901, 902 [1986]). Here, however, given the evidence that respondent has been drug free since she stopped smoking marijuana after she discovered that she was pregnant, the fact that respondent's parental rights had previously been terminated upon a finding of permanent neglect of her two sons, who were voluntarily placed in foster care in 1998 and are now 16 and 13 years old, is insufficient to support a finding that respondent has neglected her daughter Alexis, who was born in July 2005.

Aside from being remote in time, the prior findings of neglect, unlike the allegations in this proceeding, were not based upon any drug use by respondent, but were based upon inadequate supervision and guardianship, namely, her having missed medical appointments regarding one son's surgery, and her having failed to address her other son's behavioral problems and properly manage her financial affairs. The court expressed concerns about respondent's decision, in January 2006, to leave the residential treatment program at Odyssey House, which she had voluntarily entered in September 2005, two months after her daughter's birth, and move in with her aunt because of dissatisfaction with its program; however, there was testimony by petitioner's child protective supervisor that she had told respondent that, because she was not required to be in an inpatient program, she did not have to stay there, so that her plan to reside with her aunt and attend an outpatient program was "fine." Concur—Tom, J.P., Andrias, Nardelli, Catterson and Moskowitz, JJ.