■ In the Matter of DANA T. ONONDAGA COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; ANNA D., Appellant. [896 NYS2d 545]——

Appeal from an order of the Family Court, Onondaga County (Bryan R. Hedges, J.), entered January 12, 2009 in a proceeding pursuant to Family Court Act article 10. The order, among other things, adjudicated respondent's child to be a neglected child.

It is hereby ordered that the order so appealed from is unanimously reversed on the law without costs and the petition is dismissed.

Memorandum: Respondent mother appeals from an order that adjudicated her child to be a neglected child based on a finding of derivative neglect. We note at the outset that the mother contends that Family Court erred in failing to conduct a hearing within three court days with respect to her application pursuant to Family Court Act § 1028. Although her contention is moot, we agree with the mother that the court erred inasmuch as no good cause was demonstrated for the delay (*see Matter of Sara L.*, 249 AD2d 23 [1998], *lv denied* 92 NY2d 816 [1998]). We further agree with the mother that the court erred in finding that she derivatively neglected her child, and we therefore reverse the order and dismiss the petition. In order "[t]o sustain a finding of derivative neglect, the prior finding must be so proximate in time to the derivative proceeding so as to enable the factfinder to reasonably conclude that the condition still exists" (*Matter of Landon W.*, 35 AD3d 1139, 1141 [2006]). The mother consented to a prior adjudication of neglect with respect to her two other children based on, inter alia, the condition of her home and her failure to obtain medical treatment for the children. Five years later, the child at issue herein was born, and petitioner commenced this proceeding with respect to that child. We conclude under the circumstances of this case that the prior adjudication of neglect was too remote in time to sustain the court's finding of derivative neglect (*see Matter of Alexis R.*, 62 AD3d 497, 497-498 [2009]; *Matter of Isaiah Keith B.*, 306 AD2d 343 [2003]; *cf. Matter of Ahmad H.*, 46 AD3d 1357 [2007],

*lv denied* 12 NY3d 715 [2009]; *Matter of Justice T.*, 305 AD2d 1076 [2003], *lv denied* 100 NY2d 512 [2003]). In addition, the evidence presented at the hearing failed to establish that the conditions that led to the prior neglect adjudication currently exist and can reasonably be expected to exist in the foreseeable future (*cf. Matter of Amber C.*, 38 AD3d 538, 540-541 [2007], *lv denied* 8 NY3d 816 [2007], *lv dismissed* 11 NY3d 728 [2008]; *Justice T.*, 305 AD2d 1076 [2003]). The witnesses presented by petitioner had either no contact or very limited contact with the mother in the 2½ years prior to the birth of the child at issue, and thus they were unable to provide testimony with respect to the current living situation of the mother or her current understanding of her parental duties and responsibilities. Indeed, the mother presented several witnesses who testified that, when this proceeding was commenced, the mother's home was clean, that the mother had attended all prenatal appointments for the child at issue, and that she was equipped with the skills necessary to be a good parent. Present—Scudder, P.J., Centra, Fahey and Green, JJ.