◼ In the Matter of BRIANNA R., a Child Alleged to be Neglected. MARISOL G., Appellant; ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent. [910 NYS2d 71]—

Order, Family Court, Bronx County (Monica Drinane, J.), entered on or about September 9, 2009, which, upon a fact-finding determination that respondent-appellant mother derivatively neglected her daughter Brianna R., placed the child in the custody of the Commissioner of Social Services of Bronx County until completion of the next permanency hearing, unanimously affirmed, insofar as it brings up for review the fact-finding determination, and the appeal otherwise dismissed as moot, without costs.

The Family Court properly determined that petitioner proved by a preponderance of the evidence that Brianna was derivatively neglected by the mother. Indeed, the conduct which formed the basis of the prior neglect finding, namely the mother's leaving her nine-month-old infant in a bathtub with running water without adequate supervision, resulting in the infant's death, evinced an impaired level of parental judgment so as to create a substantial risk of harm for any child in the mother's care. The 2007 drowning incident, which occurred less than two years before the filing of the petition in this case, was

relatively close in time to the derivative proceeding so that it can reasonably be concluded that the mother still lacks parental judgment (*compare Matter of Cruz*, 121 AD2d 901, 903 [1986], *with Matter of Alexis R.*, 62 AD3d 497, 498 [2009]). This single incident of neglect is sufficient to sustain a finding of derivative neglect (*see generally Matter of Kayla W.*, 47 AD3d 571, 572 [2008]). The Family Court also properly found that the mother failed to prove that her lack of judgment does not exist currently or will not exist in the foreseeable future.

The mother's argument that prior neglect findings from 2005 and 2006 were too remote in time and did not relate to the allegations of the petition in this case, is unavailing. The Family Court specifically based its finding of derivative neglect on the 2007 case, and not on the 2005 and 2006 cases. Accordingly, even if it was improper for the court to admit evidence of the earlier cases, such error was harmless.

Although the mother completed mandated parenting skills classes, continued random drug testing, and voluntarily received bereavement counseling, the Administration for Children's Services (ACS) caseworker indicated that, at the time the petition was filed, the mother was not willing to exclude the father from the home even though he never completed a parenting skills course. As noted above, the Family Court credited the testimony of the ACS caseworker, and there is no basis for disturbing that credibility determination. The court properly excluded testimony regarding the mother's willingness, post-petition, to exclude the father from the home. Generally, courts may not consider post-petition evidence in a Family Court Act article 10 fact-finding hearing.

Even if the court improperly excluded a physician's letter regarding the mother's mental health evaluation from evidence, it is submitted that the error was harmless. Indeed, contrary to the mother's contention, the letter was not critical to her case since, as even the mother acknowledges, a mental health evaluation was never required. Moreover, although the court, in its fact-finding decision, ordered that the mother and father receive mental health evaluations, it did not state that the mother's alleged failure to obtain such an evaluation was evidence of neglect.

The mother was not deprived of due process or a fair trial when the court noted in its neglect findings the mother's failure to use a proper bathtub for the now-deceased infant. The petition in this case specifically noted the prior finding of neglect against the mother due to the infant's drowning in a bathtub while under the mother's care. Accordingly, the mother was on

notice of any claims involving the prior finding. Even if the mother was not given adequate notice or an opportunity to address the claim at the fact-finding hearing, the error was harmless given the other evidence of the mother's neglect which was alleged in the petition and addressed at the fact-finding hearing, namely her leaving the infant child in a bathtub with water running and inadequate supervision.

The appeal from the dispositional order is moot. The terms of the order have expired and subsequent orders finally discharging the subject child to her mother and father have been entered (*see Matter of Pearl M.*, 44 AD3d 348, 348 [2007]). Concur— Gonzalez, P.J., Saxe, Nardelli, Richter and Román, JJ.