SUPREME COURT OF THE STATE OF NEW YORK
*Appellate Division, Fourth Judicial Department*

**61**
**CAF 10-00475**
PRESENT: CENTRA, J.P., FAHEY, PERADOTTO, SCONIERS, AND GORSKI, JJ.

---

IN THE MATTER OF PAIGE K. AND NICHOLAS T.
------------------------------------------------
OSWEGO COUNTY DEPARTMENT OF SOCIAL SERVICES,      MEMORANDUM AND ORDER
PETITIONER-RESPONDENT;

JAY J.B., RESPONDENT-APPELLANT.

---

DAVISON LAW OFFICE, PLLC, CANANDAIGUA (MARY P. DAVISON OF COUNSEL),
FOR RESPONDENT-APPELLANT.

CARACCIOLI & NELSON, PLLC, MEXICO (ANNALISE M. DYKAS OF COUNSEL), FOR
PETITIONER-RESPONDENT.

SUSAN B. MARRIS, ATTORNEY FOR THE CHILDREN, MANLIUS, FOR PAIGE K. AND
NICHOLAS T.

---

Appeal from an order of the Family Court, Oswego County (Kimberly
M. Seager, J.), entered February 1, 2010 in a proceeding pursuant to
Family Court Act article 10. The order, among other things, adjudged
that respondent had neglected and abused the subject children.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum: In this proceeding pursuant to Family Court Act
article 10, Family Court granted petitioner's motion for summary
judgment on the petition, which sought a determination that respondent
abused his girlfriend's son and derivatively neglected the son's older
sister. We note at the outset that respondent's contentions concern
only the alleged derivative neglect of the sister, and that he does
not challenge the finding of abuse in connection with his girlfriend's
son. In addition, we note that respondent's contentions in opposition
to the motion for summary judgment are raised for the first time on
appeal and are therefore not properly before us (*see Ciesinski v Town
of Aurora*, 202 AD2d 984, 985). In any event, contrary to respondent's
contention, petitioner established as a matter of law that respondent
was a person legally responsible for the sister (*see* § 1012 [g]; *see
generally Matter of Yolanda D.*, 88 NY2d 790, 796) and that, when he
abused his girlfriend's son by murdering him, he thereby derivatively
neglected the sister (*see Matter of Justice T.*, 305 AD2d 1076, *lv
denied* 100 NY2d 512; *see generally Matter of Jovon J.*, 51 AD3d 1395;
*Matter of Seth G.*, 50 AD3d 1530). Contrary to the contention of
respondent, he failed to raise a triable issue of fact (*see generally*

*Zuckerman v City of New York*, 49 NY2d 557, 562).

Entered: February 10, 2011                    Patricia L. Morgan
                                              Clerk of the Court