■ In the Matter of CHRISTINA ANN B., a Child Alleged to be Permanently Neglected. CHARLES P., Appellant; CARDINAL MC-CLOSKEY SERVICES, Respondent. [979 NYS2d 562]—

Order of disposition, Family Court, New York County (Clark V. Richardson, J.), entered on or about May 4, 2012, which, following a fact-finding determination that respondent father permanently neglected the subject child, terminated the father's parental rights and committed custody and guardianship of the child to petitioner Cardinal McCloskey Services and the Commissioner of Social Services for the purpose of adoption, unanimously affirmed, without costs.

The finding that respondent permanently neglected the daughter was established by clear and convincing evidence. The record demonstrates the diligent efforts by petitioner agency to encourage and strengthen the parental relationship, including scheduling twice weekly visits with respondent and the child, referring the father to parenting classes, providing a visiting coach to attempt to help respondent improve the manner in which he interacted with the child, providing respondent extensive assistance in furtherance of his attempt to find suitable housing and arranging meetings with various individuals in order to afford respondent the opportunity to gain an understanding of his daughter's special medical needs (*see Matter of Hailey ZZ. [Ricky ZZ.]*, 19 NY3d 422, 429 [2012]; Social Services Law § 384-b [7] [a]).

Despite these diligent efforts, respondent failed to obtain suitable housing or to avail himself of the numerous opportunities to gain insight into his daughter's special needs (*see Matter of Ashley R. [Latarsha R.]*, 103 AD3d 573 [1st Dept 2013], *lv denied* 21 NY3d 857 [2013]). Contrary to respondent's contentions, the agency is not charged with a guarantee that the parent succeed in overcoming his problems (*see Matter of Sheila G.,*

61 NY2d 368, 385 [1984]) and he was required to "assume a measure of initiative and responsibility" in utilizing the services and resources provided by the agency (*Matter of Jamie M.*, 63 NY2d 388, 393 [1984]).

A preponderance of the evidence supports the finding that it was in the child's best interest to terminate respondent's parental rights so the child would be freed for adoption by her pre-adoptive foster mother, with whom the seven-year-old child has been living since she was placed in foster care when she was four months old (*Matter of Star Leslie W.*, 63 NY2d 136, 147-148 [1984]). The evidence showed that the child thrived in her foster home and that her foster mother was devoted to ensuring that the child's special needs were properly treated. It is evident from respondent's testimony that he would not take his daughter to her current medical specialists or specialized school and would instead take her to facilities that were more convenient for him, that he does not fully comprehend his child's extensive special needs.

Contrary to respondent's contention, the circumstances presented do not warrant a suspended judgment.

Respondent failed to preserve his argument that the court improperly relied on a colloquy that took place in court in reaching its fact-finding determination (*see id.* at 145). Were we to review this claim, we would find that respondent's due process rights were not violated and that any error committed by the court was harmless as the court's reference was not material to its substantive determinations (*see Matter of Brianna R.* *[Marisol G.]*, 78 AD3d 437, 438-439 [1st Dept 2010], *lv denied* 16 NY3d 702 [2011]).

We have considered respondent's remaining contentions and find them unavailing. Concur—Mazzarelli, J.P., Acosta, Saxe and Moskowitz, JJ.