# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**421**
**CAF 14-00121**
PRESENT: SMITH, J.P., VALENTINO, WHALEN, AND DEJOSEPH, JJ.

---

IN THE MATTER OF ALEXIA J. AND SKYVINN W.
------------------------------------------------
HERKIMER COUNTY DEPARTMENT OF SOCIAL SERVICES,
PETITIONER-RESPONDENT;

                        MEMORANDUM AND ORDER

CHRISTOPHER W., RESPONDENT-APPELLANT.
(APPEAL NO. 2.)

---

JOHN J. RASPANTE, UTICA, FOR RESPONDENT-APPELLANT.

JACQUELYN M. ASNOE, HERKIMER, FOR PETITIONER-RESPONDENT.

PETER J. DIGIORGIO, JR., ATTORNEY FOR THE CHILD, UTICA.

ALBERT F. LAWRENCE, ATTORNEY FOR THE CHILD, GREENFIELD CENTER.

---

Appeal from an order of the Family Court, Herkimer County (John J. Brennan, J.), entered December 9, 2013 in a proceeding pursuant to Family Court Act article 10. The order, among other things, determined that respondent neglected the subject children.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Respondent father appeals from an order that, inter alia, determined that he derivatively neglected one of the two subject children. Contrary to the father's contention, Family Court's determination of derivative neglect with respect to that child is supported by a preponderance of the evidence (*see generally Nicholson v Scopetta*, 3 NY3d 357, 368). Here, petitioner presented evidence that the father neglected the other subject child, he violated an order of protection issued for the benefit of the other subject child, and he was convicted upon his plea of guilty of aggravated driving while intoxicated under Vehicle and Traffic Law § 1192 (2-a) (b), for driving while intoxicated with a one-year-old passenger in the vehicle. "A finding of derivative neglect may be made where the evidence with respect to the child found to be abused or neglected 'demonstrates such an impaired level of parental judgment as to create a substantial risk of harm for any child in [the parent's] care' " (*Matter of Jovon J.*, 51 AD3d 1395, 1396; *see generally* Family Ct Act § 1046 [a] [I]). Although the one-year-old passenger in the vehicle the father was driving while intoxicated was not a subject of the instant petition, "the court may make a finding of derivative neglect even if the child who was . . . abused [or neglected] is not a subject

of the neglect petition" (*Matter of Kennedie M. [Douglas M.]*, 89 AD3d 1544, 1545; *see Matter of Kole HH.*, 61 AD3d 1049, 1052-1053; *see generally Matter of Justice T.*, 305 AD2d 1076, 1076-1077, *lv denied* 100 NY2d 512).  We agree with the court that, in this case, the "circumstances surrounding the neglect of the . . . other children can be said to evidence fundamental flaws in the [father's] understanding of the duties of parenthood . . . , justifying the finding that the [father] derivatively neglected the subject child" (*Matter of Angel L.H. [Melissa H.]*, 85 AD3d 1637, 1637-1638, *lv denied* 17 NY3d 711 [internal quotation marks omitted]; *see Matter of Mikel B. [Carlos B.]*, 115 AD3d 1348, 1349).

Entered:  March 27, 2015                    Frances E. Cafarell
                                            Clerk of the Court