Matter of Madeline M. (Dallas M.) (2023 NY Slip Op 01361)

Matter of Madeline M. (Dallas M.)

2023 NY Slip Op 01361

Decided on March 16, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 16, 2023

Before: Friedman, J.P., González, Kennedy, Shulman, Pitt-Burke, JJ. 

Docket No. N10215/21 Appeal No. 17521-17521A Case No. 2022-02307 

[*1]In the Matter of Madeline M., A Child Under Eighteen Years of Age, etc., Dallas M., Respondent-Appellant, Administration for Children's Services, Petitioner-Respondent.

Kenneth M. Tuccillo, Hastings on Hudson, for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Jeremy Pepper of counsel), for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Diane Pazar of counsel), attorney for the child.

Order of disposition of the Family Court, Bronx County (Robert Hettleman, J.), entered on or about May 17, 2022, to the extent it brings up for review a fact-finding order (denominated a decision), same court and Justice, entered on or about May 17, 2022, which found that respondent-appellant mother neglected the subject child, unanimously affirmed, without costs. Appeal from fact-finding decision unanimously dismissed, without costs, as subsumed in the appeal from the order of disposition.
Family Court's finding that the mother neglected the child was supported by a preponderance of the evidence. The record shows that the mother suffers from untreated mental illness that would subject the child to imminent risk of harm if returned to her care (see Matter of Cerenithy Ecksthine B. [Christian B.], 92 AD3d 417 [1st Dept 2012]). The prior finding of neglect against the mother in 2017 involving one of her two older sons established that she suffered from numerous mental health conditions, including bipolar disorder; had been psychiatrically hospitalized approximately 13 times; and was recommended to engage in mental health treatment, but failed to do so. Moreover, statements made by the mother during an interview with a case worker two days after the subject child's birth in 2021 demonstrated that the mother continued to lack insight into her serious and chronic mental health condition and its impact on her parental ability, and that she was unable to properly care for the child (see Matter of Jayden S. [Shalea S.], 159 AD3d 500, 501 [1st Dept 2018], lv denied 31 NY3d 908 [2018]).
The mother offered no evidence at the hearing to contradict the evidence showing that her untreated mental illness impaired her ability to care for the child. Furthermore, Family Court properly drew the strongest negative inference against the mother because she did not testify (see Matter of Nicole H., 12 AD3d 182, 183 [1st Dept 2004]). On appeal, the mother improperly cites to comments made by the court during a remand hearing, which are not part of the fact-finding record (see Matter of Brianna R. [Marisol G.], 78 AD3d 437, 438 [1st Dept 2010], lv denied 16 NY2d 702 [2011]). The mother similarly improperly relies on a court-ordered mental health evaluation that was not submitted as evidence at the fact-finding hearing (id.).
We have considered the mother's remaining arguments and find them
unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 16, 2023