Matter of Juelz U. (Chantal Nicole C.-D.) (2018 NY Slip Op 04107)





Matter of Juelz U. (Chantal Nicole C.-D.)


2018 NY Slip Op 04107


Decided on June 7, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 7, 2018

Renwick, J.P., Richter, Webber, Kern, Moulton, JJ.


6824

[*1]In re Juelz U., A Child Under Eighteen Years of Age, etc., Chantal Nicole C.-D., Respondent-Appellant, The Administration for Children's Services, Petitioner-Respondent.


Neal D. Futerfas, White Plains, for appellant.
Zachary W. Carter, Corporation Counsel, New York (Elina Druker of counsel), for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Raymond E. Rogers of counsel), attorney for the child.



Order of disposition, Family Court, New York County (Jane Pearl, J.), entered on or about March 27, 2017, which, upon a fact-finding determination that respondent mother derivatively neglected the subject child, placed the child in the custody of the Commissioner of Social Services until completion of the next permanency hearing, unanimously affirmed, insofar as it brings up for review the fact-finding determination, and the appeal otherwise dismissed, without costs, as moot.
The child's placement has been rendered moot as the date that was scheduled for the next permanency hearing has passed (see Matter of Jonathan S. [Ismelda S.], 79 AD3d 539 [1st Dept 2010]; Matter of Qiana C., 46 AD3d 479 [1st Dept 2007]).
The court properly determined that petitioner proved by a preponderance of the evidence that the child was derivatively neglected by the mother (see Family Ct Act § 1046[b][I]). The conduct underlying the prior findings was sufficiently proximate in time to this neglect proceeding to support the conclusion that the conditions that caused the child's older siblings to enter foster care still existed. The record shows that less than three months after the birth of the subject child, the court entered findings that the mother medically neglected the child's older brother and derivatively neglected the child's older sister and that the mother's untreated mental health symptomology interfered with her ability to properly care for those children (see Matter of Camarrie B. [Maria R.], 107 AD3d 409 [1st Dept 2013]).
Furthermore, the record shows that during the underlying proceedings, the mother continued to display bizarre behavior by absconding with the child, causing the court to issue a warrant for her arrest. She also continued to refuse to submit to a mental health evaluation [*2]despite the August 22, 2016 dispositional order directing her to do so, and acknowledged during her fact-finding testimony that she tried to hide the child from the agency (see Matter of Hunter YY., 18 AD3d 899, 900 [3d Dept 2005]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 7, 2018
CLERK